### PRATHER *v.* PRATHER.

WILL.—*Death of Devisee During Life of Testator.*—*Husband and Wife.*— *Descendant.*—*Statute Construed.*—Where a wife, to whom real estate has

been devised, dies during the life of the testator, of whom she is a descendant, her widower takes no interest therein, he not being her descendant, within the meaning of section 13 of the statute of wills, 2 R. S. 1876, p. 570.

From the Marion Circuit Court.

G. W. Spahr, H. Dailey and W. N. Pickerill, for appellant.

A. Q. Jones, Jr., and W. S. Ryan, for appellee.

Perkins, J.—Suit for partition.    Partition denied. The facts of the case are these:

Nathan B. Palmer died in April, 1875, leaving a will which was duly probated.   That will contained a clause devising to Mary Prather, a grandchild of said Palmer, lots twelve, thirteen and fourteen in Nathan B. Palmer's addition to the city of Indianapolis.   Said Mary Prather, the devisee, departed this life in February, 1875, two months prior to the death of the devisor, leaving surviving her Austin B. Prather, her husband, who is the plaintiff in this suit, and Henry B. Prather, her only child, who is the defendant in this suit.  The plaintiff claims one-third of the real estate.

Section 13 of the statute of wills, 2 R. S. 1876, p. 573, enacts, that " Whenever any estate, real or personal, shall be devised to any decedent [descendant] of the testator, and such devisee shall die during· the lifetime of the testator, leaving a descendant who shall survive such testator, such devise shall not lapse, but the property so devised shall vest in the surviving descendant of the devisee, as if such devisee had survived the testator, and died intestate."

Section 22 of the statute of descents, 1 R. S. 1876, p. 412, enacts, that "If a wife die, testate or intestate, leaving a widower, one-third of her real estate shall descend to him; subject, however, to its proper proportion of the debts of the wife contracted before marriage."

The real estate in question never vested in Mary Prather.   It never became hers.   It remained Nathan B.

Palmer's till his death.  After his death it passed, by virtue of the will, to the descendants of Mary Prather.  As the title, legal or equitable,. to the property never was in Mary Prather, her husband could not take any part of the property as her heir, or husband.  As he was not a descendant from her, he could take no part of it under the will.

The plaintiff, the husband of Mary Prather, did not show title in himself to any part of the real estate devised to her; the title to all of it was in the defendant, the son, the ·descendant, of said Mary.  The court did not err in refusing partition.

· The judgment is affirmed, with costs.