[No. 20190. In Bank. — February 9, 1891.]

# EX PARTE CHARLES HENRY CLARK, ON HABEAS CORPUS.

ADOPTION — VOID ORDER — DIFFERENT NAMES. — An order of adoption of a child is void, and affords no warrant for the detention of the child from its parents, where it appears that the parents consented to the adoption of the child by a person of one name, that the agreement to adopt is signed by another name, and that the detention is by a person whose name does not appear in the record of the proceeding, there being nothing in the record to show that the three names indicate one and the same person.

ID. — RESIDENCE OF PERSON ADOPTING. — It is essential to the validity of an adoption that the record should show that the person adopting the child is a resident of the county in which the order of adoption was made.

ID. — SUPERIOR COURT — SPECIAL AND LIMITED JURISDICTION. — In cases of adoption, the power of the superior court is special and limited, and not exercised according to the course of the common law; and its jurisdiction must affirmatively appear by the record as to both subject-matter and the person, notwithstanding the court is one of general jurisdiction.

ID. — COMMON LAW — STATUTORY RIGHT — STRICT COMPLIANCE WITH STATUTE. — The right of adoption is purely statutory, and unknown to the common law and repugnant to its principles; and the provisions of the statute must be strictly followed, and every condition prescribed therein strictly complied with, else the child by adoption cannot inherit from the adopting parent.

ID. — RIGHTS OF NATURAL PARENTS — DOUBTS RESOLVED IN THEIR FAVOR. — No transfer of the rights of natural parents can be acquired by adopting parents unless the statute regulating adoption is strictly followed, and all doubts in controversies between the natural and the adopting parents should be resolved in favor of the former.

ID. — HABEAS CORPUS — AMENDMENT OF RECORD OF ADOPTION. — Proceedings taken to amend the record of adoption pending the determinations, upon writ of *habeas corpus*, of the right to a transfer of the child from the custody of the adopting parties to the custody of its natural parents, cannot affect the decision of the court upon the writ, which must take the record as it finds it, and determine the rights of the parties accordingly.

ID. — ESTOPPEL OF PARENTS — ACQUIESCENCE. — The natural parents are not estopped from asserting their right to the custody of their child as against an illegal order of adoption, by acquiescence in the claim of the adopting parents for several years.

ID. — FITNESS FOR CUSTODY OF CHILD. — The relative fitness of the respective parties to care for the child cannot be inquired into upon *habeas corpus*, if it is conceded that both parties are competent and fit persons to care for the child.

Id. — Emancipation of Child — Consent to Illegal Adoption. — Although a parent is not entitled to the custody of a child who is old enough to work and care for himself, after consenting to his emancipation, there can be no basis for such a claim, where the minor is a young child incapable of caring for himself, because of mere consent of the parents to an illegal order of adoption.

Proceeding in the Supreme Court upon writ of *habeas corpus.* The facts are stated in the opinion of the court.

*M. Cooney,* for Petitioner.

*Henry I. Kowalsky,* for Respondents.

Paterson, J. — Petitioner is the mother of Charles Henry Clark, a minor, and the respondents, who are husband and wife, claim that he has become their child by adoption. This claim is based upon an order made November 16, 1888, by Hon. John F. Finn, one of the judges of the superior court of the city and county of San Francisco. Attached to the order is a written consent signed by James P. Clark and Annie E. Clark, the parents of the child, consenting that "said Charles Henry Clark may be adopted by Jacob Reulein. Following this is a written agreement and consent signed by *David* Reulein and Mrs. Katie Reulein, in which the latter consents that David Reulein might adopt the child, and in which David Reulein agrees to adopt the child and treat him thereafter in all respects as his own lawful child. The order of the judge recites that the parents, James P. and Annie E. Clark, and Jacob Reulein and Katie Reulein, his wife, appeared before him, bringing with them said Charles Henry Clark, aged two years and eleven months; that he examined each of said persons separately, and from such examination found that Jacob Reulein was desirous of adopting said Charles; that his wife, Katie, consented to such adoption, and that it was for the best interests of the child that such adoption should take place; that the parents

having signed the necessary consent, and said *Jacob* Reulein having executed the proper agreement, it was therefore ordered that said Charles Henry Clark should thenceforth be regarded and treated in all respects as the child of said Jacob Reulein.

The petitioner herein alleges that the child is restrained of his liberty by *John D.* Reulein and Katie Reulein. The writ was addressed to them, and an answer has been filed, signed by John D. Reulein and Katie Reulein, admitting that they hold the custody of the child, and claiming the right to do so under the order above referred to.

It will be observed that the parents consented to the adoption of their child by *Jacob* Reulein; that the agreement to adopt is signed by *David* Reulein; and that the order of the court gives the child to *Jacob* Reulein. There is nothing in the record of the proceeding to show that the names Jacob Reulein, David Reulein, and John D. Reulein indicate one and the same person.

In our opinion, the order is void, and affords respondents no warrant for the detention of the child. It confers no right upon them, and is manifestly too uncertain, when read in connection with the agreements and consents upon which it was based, to render any one liable as the parent by adoption, — especially one whose name does not appear in the record at all.

There is another objection which is fatal to the validity of the proceeding. Section 226 of the Civil Code provides that all the persons interested must appear before the judge of the superior court *of the county where the person adopting resides.* There is nothing in the order, or in any of the papers referred to, showing that Jacob Reulein, or David Reulein, was a resident of the city and county of San Francisco. It has been held— and we think correctly—that, in cases of this kind, the power of the court being special, and not exercised according to the course of the common law, its decisions

must be regarded and treated like those of courts of limited and special jurisdiction; and that jurisdiction in such cases, although the court be one of general jurisdiction, must appear by the record, as to both subject-matter and the person. (*Furgeson* v. *Jones*, 17 Or. 204; 11 Am. St. Rep. 808.)

We have held that our law of adoption is not unconstitutional (*Estate of Stevens*, 83 Cal. 322), but to acquire any right under it its provisions must be strictly followed, and all doubts in controversies between the natural and the adopting parents should be resolved in favor of the former. A child by adoption cannot inherit from the adopting parent unless the act of adoption has been done in strict accordance with the statute. No matter how persuasive may be the equities of the child's case, or how clear the intention of all parties, it must appear that the statutory conditions have been strictly performed, otherwise the relation never existed, and the right to inherit never was acquired. The right of adoption is purely statutory. It was unknown to the common law, and as the right when acquired under our statute operates as a permanent transfer of the natural rights of the parent, it is repugnant to the principles of the common law, and one who claims that such a change has occurred must show that every requirement of the statute has been strictly complied with. It cannot be said that one condition is more important than another. (*Tyler* v. *Reynolds*, 53 Iowa, 146; *Shearer* v. *Weaver*, 56 Iowa, 578.)

It was stated on the argument that proceedings were pending before Judge Finn to amend the record so as to show that the respondent John D. Reulein is the same person referred to in the proceedings as Jacob Reulein and David Reulein. Assuming that the power to amend the record as suggested exists, — a matter upon which we express no opinion, — we must on *habeas corpus* take the

record as we find it, and determine the rights of the parties accordingly.

Counsel for respondents earnestly urge the court to consider that the claim of respondents has been acquiesced in for several years by the petitioner; that respondents have treated the child well; that a warm affection has sprung up between him and themselves; that petitioner practically abandoned her child when she consented that the order of adoption might be made; and asks permission to prove that respondents are in every sense more worthy to have the custody of the child than the petitioner is. But there can be no estoppel in such a case, and the fitness, relatively, of the respective parties to care for the child is not a proper subject of inquiry in this proceeding. It is conceded that both parties are competent and fit persons to care for the child.

It is doubtless true, as claimed by respondents, that a parent is not entitled to the custody of a child who is old enough to work and care for himself, after consenting to his emancipation; but there is no basis for any such claim in this case. The minor is a young child incapable of caring for himself, and there is no pretense that the respondents have any authority over him other than such as is conferred by the order referred to.

It is ordered that the respondents, John D. Reulein and Katie Reulein, forthwith restore to the petitioner herein the care, custody, and control of said Charles Henry Clark.

De Haven, J., Harrison, J., Sharpstein, J., McFarland, J., Garoutte, J., and Beatty, C. J., concurred.