[No. 1546.  Decided January 8, 1895.]

*In the Matter of the Estate of William Renton, Deceased:*
ELIZABETH W. SACKMAN ET AL., *Appellants, v.* JOHN
A. CAMPBELL, *Executor, Respondent.*

WILLS—DEVISE TO WIFE—DEATH OF WIFE BEFORE HUSBAND—
LAPSED DEVISE—ADOPTION  OF  HEIRS—CONTEST OF WILL—
PLEADINGS.

A wife is not a " relative " of her husband within the term as used in § 1467, Gen. Stat., providing that " when any estate shall be devised to any child, grand child, or other relative of the testator,

and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate as such devisee would have done in case he had survived the testator."

Code Proc., § 207, in regard to requiring pleadings to be made more specific upon motion, is applicable to petitions necessary in probate practice.

The adoption of an heir is a matter purely statutory which can be accomplished only by strict compliance with the statute, and can never be sustained by mere presumptions of compliance.

Where a wife, named as beneficiary in her husband's will, dies before the testator, her children by a former marriage, when they have not been legally adopted by the testator, cannot contest the legality of a will revoking the one in favor of their mother.

In an action to contest a will by persons claiming to be children of the testator, to whose complaint a motion is interposed requiring it to be made more specific in stating whether they are natural or adopted children, and, if adopted, how, when and where it was done, an allegation setting up that the contestants believed they had been legally adopted at some time and place not remembered or discovered, but evidence of which they expected to produce at the trial, does not show such interest in the will as entitles them to contest under the provisions of § 872, Code Proc.

*Appeal from Superior Court, Kitsap County.*

*Burke, Shepard & Woods* and *James L. Crittenden*, for appellants.

*Struve, Allen, Hughes & McMicken*, for respondents.

The opinion of the court was delivered by

STILES, J.—William Renton died on or about the 18th day of July, 1891, at Port Blakely, Kitsap county. About the year 1842, he was married to Sarah M. Sylva, a widow. In 1870 he made a will whereby, after leaving a legacy to each of his sisters, he devised the residue of his estate to his wife. In 1876 he made a second will, revoking the former will, devising all his estate to his wife during her life, but directing that after her death, or in case she should not survive the testator, the entire estate should go to his two sisters, Mary and Margaret A. Campbell. Mrs. Renton

died intestate in May, 1890, before the death of her husband. The contestants are children of Mrs. Renton by her first husband, and they seek to set aside the second will upon the usual grounds of the incompetency of the testator, undue influence, fraud, etc.

Their original petition set forth simply that they were the only children of William Renton. The respondent, the executor of the will, moved that the contestants be required to make their petition more specific, to the end that it might appear whether they claimed to be the natural children of William Renton, born of his wife Sarah M., or whether they claimed to occupy that relation in some other way. The court made an order in accordance with the motion, and in response thereto the petition was amended so that the second paragraph thereof read as follows :

"Your petitioners are the natural children of one Joseph Sylva and one Sarah M. Sylva, his wife, both now deceased, and are the lawful issue of the marriage of said Joseph Sylva and said Sarah M. Sylva, his wife. But your petitioners further allege that after the death of said Joseph Sylva, which occurred in or about the year 1840, said Sarah M. Sylva, his widow, in or about the year 1842, married said William Renton, deceased ; that at the time of said last mentioned marriage, your petitioners were children of tender years, to-wit: your petitioner Elizabeth W. Sackman was then of about the age of six years, and your petitioner Mary A. Gaffney was then of about the age of four years, and they were then living with and in the charge of their mother, Sarah M. Sylva, and under her natural guardianship ; that upon the contracting of said marriage between said William Renton and said Sarah M. Sylva, your petitioners were thereupon immediately taken by said William Renton into his family and reared, sustained, educated and in all respects treated as his own natural children, and he thereupon and at all times thereafter called your petitioners respectively, and caused them to be called and known by others by his own family name, as though they were his own natural children born to him in lawful wedlock ; that after arriving respectively at the age of majority each of your petitioners contracted marriage, and at the time of such marriage of each of your petitioners respectively, said William Renton caused such marriage to be celebrated at

his home and the home of his family, and then and there gave away your petitioners, respectively, in marriage, as his own children respectively, and in all respects caused said marriages to be conducted and celebrated as marriages of his own natural daughters born to him in lawful wedlock and bearing his family name; and that your petitioners never knew or had any reason to believe or suspect, till long after their respective marriages had been contracted, that they were not the natural children of said William Renton, born to him in lawful wedlock. Your petitioners have good reason to believe, and they allege, that they were duly adopted by said William Renton, in accordance with law as his children, and that upon and by such adoption, their family name was duly changed to the family name of said Renton ; but your petitioners have been unable to ascertain, and do not at present know, where, when, or by what precise formalities they were so adopted by said Renton, and do not know and have been unable to ascertain where the record of such adoption exists ; but they believe that they will be able at the proper time and in the proper manner to prove such act of adoption to the satisfaction of this court, or to prove the loss of the record thereof, and the contents and purport of such record, and your petitioners allege that by reason of the premises they are the children and legal heirs of said William Renton, deceased, and of his wife, said Sarah M. Renton, in manner and form as aforesaid ; and they further allege that said William Renton, deceased, had no natural children born to him in lawful wedlock, and that your petitioners are therefore the only children and only legal heirs of said William Renton, deceased. And your petitioners further alege that they are, and each of them is, over the age of twenty-one years.''

Upon this the respondent moved that the petition be dismissed because the allegations thereof as amended were so indefinite and uncertain that the precise nature of the charge was not apparent, because the petition failed to show the time, place and particular manner of adoption, and under what law they were adopted by William Renton, or that they were adopted at all ; and because they had failed to comply with the order of the court requiring the petition to be made more definite and certain in the particulars above mentioned. This motion was sustained by the court and the petition was dismissed.

Strictly, this appeal should involve only a question of practice, inasmuch as the error complained of is that the court dismissed the contest instead of striking out the insufficient allegations of adoption, leaving the remainder of the petition to be tested by the usual method of demurrer; and we are by no means certain that the contention of the appellants in this respect is not correct. But both sides of the case, led on by the appellants, have in their briefs presented the case here, as we presume it was presented below, as though a general demurrer had been interposed by the respondent. The case has been very ably argued by both sides, and to our minds the law of the case, as a whole, is so clear that, however we might be inclined to disapprove of the practice adopted, we do not think it would subserve any good purpose to reverse the order and send it back, only to have the case return here, as it almost certainly would, after a demurrer had been filed and disposed of.

One point which the appellants urge is that, however correct the action of the court may have been with regard to the allegations of adoption, there is yet left in the case a ground of contest which was untouched by the proceeding had for making the petition more specific, viz: that growing out of the fact that under the will of 1870, which is the only will admitted to be genuine and provable, Mrs. Renton was the sole devisee, and the contestants would now take the estate. The point of the controversy upon this subject is the death of Mrs. Renton before the decease of her husband. The appellants contend that, under the statute of this state, a wife is a relative of her husband, so that under a will containing a devise to her, she dying first, her heirs succeed to the estate as she would have done had she lived. Respondent, on the other hand, as strongly contends that she is not a relative within the meaning of that law, and that upon her death, preceding that of her husband, the devise would lapse. Counsel urge with much force concerning this ground of contest, and the matter of law involved therein, that there has been no such disposition of the pleading as the code recognizes, that is, by demur-

rer ; and that had they been given an opportunity, supposing a demurrer to this ground of contest to have been sustained, they might have amended so as to make the petition good. Upon this point, however, we think it may be taken for granted that the truth of the matter is stated in the petition, viz., that Mrs. Renton did die before her husband. If so, no amendment could change this fact, and it is not suggested that any amendment could be made which would take away the legal force of the fact ; and if the state of the law be such that the devise to Mrs. Renton, under the will of 1870, would have lapsed upon her death, then no amendment which could possibly be made would avoid the conclusion reached by the court, viz., dismissal. Were we of the opinion that the petition in any part stated an interest appertaining to the contestants, we should treat the motion to dismiss below as substantially a demurrer, and remand the cause for further proceedings.

The interest of the appellants as children of Mrs. Renton in the will of the deceased, depends entirely upon the question whether or not their mother was a relative of the testator within the meaning of Gen. Stat., § 1467. This section reads as follows :

"When any estate shall be devised to any child, grandchild, or other relative of the testator, and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real and personal, as such devisee would have done in case he had survived the testator."

It is conceded by the appellants that courts have many times, and in fact almost uniformly, held that the "relative" meant by this section does not include the wife, or any other relative by affinity, but embraces only relatives by consanguinity. Of course, decisions have been based upon the language of the several statutes passed upon, and the exact words used differ widely ; but in none of them do we find a stronger intimation from the language itself that the relative mentioned is a relative by consanguinity than in our own. The use of the words "child" and "grand-

child," followed immediately by the word "relative" would, we think, naturally lead one without technical knowledge of the subject to infer that the statute meant other relatives of the same kind. A child or grandchild is the natural devisee of a testator, and when the statute couples them with an allusion to other relatives, it leads the mind at once to argue that it is other relatives, to whom the testator would naturally have intended to devise his estate, that are meant.

Counsel argue with great force and much plausibility that in this state a regard for the wife is so strongly displayed by the statutes relating to descent and community property that a different position should be taken. The statutes of descent, it is said, make the wife an heir of her husband. Gen. Stat., §§ 1480, 1482, 1495. But, while all this is true, we feel no impulse coming from the statute towards enlarging its provisions. In the case of community property the wife has an interest of her own, but the law recognizes the right of the husband to devise by will his interest in the community property and his separate estate as he may see fit, but only to the same extent that the like privilege is accorded to the wife. On the other hand, this same law undertakes, by § 1467, to supply a devisee in such chance cases as the testator might not have provided for in his will, and this provision is as absolute as any other. Upon a devise to a child, grandchild, or other relative by consanguinity, it would be naturally supposed that a testator would intend that his property, upon the death of the devisee before his own death, should inure to the benefit of the lineal descendants of his devisee, because such descendants would in fact be his relatives for whose welfare he might be supposed to have a concern of like character and only differing in degree from that which he would feel towards the devisee himself. But in the case of a wife, although a husband might acquire a great affection for her children by a former husband, yet the rule contended for, if established, would not stop with her children. She might have had no children, and the husband's estate de-

vised by a will leaving the whole to her might, upon his death, coming suddenly after that of the wife, descend to utter strangers to him, to the deprivation of those for whom he would be supposed to have the most solicitude after his wife herself.

The law upon this subject has been so long and so well settled, and it is so easily within the power of a testator to change or modify or renew a will, that, notwithstanding all that our statutes have accomplished in the way of placing married women upon a just footing with regard to the estates of their husbands, we believe that a change of the kind suggested and contended for by the appellants would simply tend to work an unsatisfactory confusion in the domain of the settlement of decedents' estates. The leading cases upon this subject are:

*Esty, Admr., v. Clark,* 101 Mass. 36 (3 Am. Rep, 320) ; *Mann v. Hyde,* 71 Mich. 278 (39 N. W. 78); *Cleaver v. Cleaver,* 39 Wis. 96 (20 Am. Rep. 30) ; *Prather v. Prather,* 58 Ind. 141 ; *Varrell v. Wendell,* 20 N. H. 432 ; *Dickins v. New York Central R. R. Co.,* 23 N. Y. 158 ; *Drake v. Gilmore,* 52 N. Y. 389 ; *Kimball v. Story,* 108 Mass. 382 ; Roper, Legacies (2 Am. ed.), 117.

The practice of requiring the petition to be made more specific is justified by the statute, Code Proc., § 207, which, although it was originally passed as a part of the Code of Civil Procedure and not as a part of the probate practice act, contains nothing more than a statutory declaration of what courts of general jurisdiction may do, and ought to do; in all cases, in order that parties may be advised of the issues which they are required to meet.

The vital matter at the threshold of the contestants' case was that they should show that they had an interest in the will. Code Proc., § 872. Without such interest they had no standing in the court, either to test the manner of making the will, or the condition of the testator's mind when he made it. They alleged that they were the children of the testator, but the respondent was in a position to know that they were not the natural children of William and Sarah M.

Renton, and having brought that fact to the knowledge of the court, it was no abuse of the court's discretion to require that appellants set forth the facts of their claim to be the children of the testator. So far appellants do not strongly criticise the action of the court. The main contention is that the order to dismiss was made as a penalty for appellants' failure to specify particulars which they were not able to specify at the time they were called upon. Under their oaths they declared that they had gone as far as the facts within their knowledge would permit, and that they relied upon investigation which they would make before the time of the final hearing to supply the necessary proofs. But the statute does not contemplate such an outcome of a motion to make more specific, for it supposes that a pleader has, at the commencement of his action, enough facts in his possession to serve as a basis for the necessary affirmative allegations. Not that he is to be required to plead his evidence, but that he should know and set forth his ultimate facts. The ultimate facts in this instance, however, were the law and the manner of the adoption, if it occurred in a foreign state, and the manner, if it occurred in this state. But if we read the amended petition we shall find that it fell far short of a sufficient pleading, for, stripped of all else, it presented but two defined positions, first, that adoption should be presumed by prescription after the manner of titles by adverse possession ; second, that the appellants believed they had been legally adopted at some time and place not remembered or discovered.

Had any other sufficient interest been stated in the petition, it would have been error to dismiss the whole case because of this failure to sufficiently specify the particulars of the adoption, since there is no appearance of contumacy on the part of the appellants; but the court was fairly called upon to test the strength of this portion of the pleading, and it committed no error in doing so. Practically the amendment did not specify anything, for it reduced the petition from a certain allegation that the appellants were the children of the testator, to the uncertain one that they

believed they were his children by adoption, or that they ought to be considered so by reason of the treatment they had received from their stepfather and the length of time which had elapsed since his marriage with their mother.

But the answer to these positions is, in the first place, that adoption has never been sustained by mere presumptions, and that the doctrine of title by adverse possession is one adopted by the law for the sake of quieting disputes and not for the purpose of furnishing a ground for raising them. Without a statute, or without compliance with a statute, there is no such thing in our law as the adoption of an heir. Adoption was not known to the common law, and is a matter purely statutory. Courts have passed upon this question frequently, and have adhered with much strictness to this rule. *Morrison v. Estate of Sessions*, 70 Mich. 297 (14 Am. St. 500; 38 N. W. 249); *Ross v. Ross*, 129 Mass. 243 (37 Am. Rep. 321); *Tyler v. Reynolds*, 53 Iowa, 146 (4 N. W. 902); *In re Estate of Stevens*, 83 Cal. 322 (23 Pac. 379, 17 Am. Rep. 252); *Ex parte Clark*, 87 Cal. 638 (25 Pac. 967); *Furgeson v. Jones*, 17 Or. 204 (20 Pac. 842, 11 Am. Rep. 808); Schouler, Dom. Rel., 232.

We hold, therefore, that the action of the court in finding the amendment insufficient by reason of its indefiniteness and uncertainty, was properly taken, and that upon the whole case the order should be affirmed. Respondent will not recover for first thirty-six excess pages of brief.

DUNBAR, C. J., and HOYT and SCOTT, JJ., concur.