CHARLES BERNHARDT v. CHARLES BERNHARDT, ADMR.

1. HUSBAND FURNISHING FUNDS FOR PURCHASE OF PROPERTY HELD IN WIFE'S NAME
DOES NOT CREATE WIFE TRUSTEE FOR HUSBAND AND HIS HEIRS.

Where the title to real estate is in a wife, evidence that the funds for its
purchase and improvement were furnished by the husband does not
afford ground for declaring that she holds in trust for him and his heirs.

2. HUSBAND NOT RELATIVE OF WIFE WITHIN REV. STAT. 5971 (LAN. R. L. 9510).

A husband is not a relative of a wife within the meaning of Rev. Stat. 5971
(Lan. R. L. 9510), and property devised by her to him does not, in the
event of his prior death, pass to his children by a former marriage, but
goes to the relatives of the wife by blood.

J. C. Healy and Powell & Smiley, for plaintiff.

Jacob Shroder and E. C. Reemelin, for defendant.

GIFFEN, J.

This is an action in partition in which the plaintiff and the de-
fendants, Phillip Bernhardt, Barbara Ruehlmann, the brothers and
sister, and the minor defendants, the children of a deceased brother of
Catherine Schaefer, deceased, claim title to certain real estate as her
heirs at law; the other defendants, Louis Schaefer and Lizzie Berberich,
claim title as children of Ludwig Schaefer, the deceased husband of
Catherine Schaefer.

Their claim is based: First, upon the allegation that the land in
question was purchased with funds belonging to Ludwig Schaefer, and
the title being vested in Catherine Schaefer, the wife, a resulting trust
was engrafted on the deed absolute; and if this be not found, that the
improvements upon the land were made with funds belonging to Lud-
wig Schaefer, and that a trust resulted to the extent of such improve-
ments; second, that Catherine Schaefer, having devised the real estate
to her husband, who died prior to the death of the testatrix, they claim
as the issue of such devisee, under Rev. Stat. 5971 (Lan. 9510).

While we are of the opinion that by a preponderance of the evi-
dence it is shown that Catherine Schaefer furnished the purchase money
for the land, and her husband, Ludwig Schaefer, the funds with which
the improvements were made, it may be conceded that all the funds
were furnished by the husband and yet find that the title was in
Catherine Schaefer. Counsel seems to assume that having shown that all
the money was being furnished by the husband, the title was necessarily
held in trust by the wife.

In the case of *Creed* v. *Bank,* 1 Ohio St. 1, the second proposition of the syllabus is as follows:

"When a person purchases property with his own funds, and places the title in the name of a stranger, the legal presumption is, that he made such purchase for his own use, and that the property is held in trust for him.

"But where such purchase and conveyance is made by a man to a member of his own family, the presumption is, that the property is intended as a gift or advancement."

We think the evidence in this case shows not only that Ludwig Schaefer knew that the conveyance had been made to his wife, but that he intended the title absolute to remain in her.

Revised Statutes 5971 (Lan. 9510), upon which the other claim is based, provides as follows:

"When a devise of real or personal estate is made to any child or other relative of the testator, if such child or other relative shall have been dead at the time of the making of the will, or shall die thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised in the same manner as the devisee would have done, if he had survived the testator."

The argument is, that the husband is a relative of the wife within the meaning of this section, and that the issue of such husband, although not the issue of the testator, take the estate devised in the same manner as the devisee would have done.

It has frequently been held in other states where a like statute exists, that the word "relation" includes only those related by consanguinity. In the case of *Cleaver* v. *Cleaver,* 39 Wis. 96, the first proposition of the syllabus is as follows:

"In Sec. 29, Chap. 97, Rev. Stat. (which provides that 'when a devise or legacy shall be made to any child or other relation of the testator, and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given'), the word 'relation' includes only relations by consanguinity.

"2. The testator's wife having died before him, a bequest made to her by the will lapsed, although she left issue which survived him."

And at page 102 it is said:

"The words of the statute are, 'child or other relation.' *Noscitur a sociis.* Child or other relation must signify child, or other relation of like character as a child; that is, other relation of the testator's blood."

A like construction of similar statutes will be found in *Esty* v.

Hamilton County.

*Clark,* 101 Mass. 36 [3 Am. Rep. 320]; Renton, In re, 10 Wash. 533 [39 Pac. 145]; *Keniston* v. *Adams,* 80 Me. 290 [14 Atl. Rep. 203].

The statute in this state was construed in the case of *Phillips* v. *McConica,* 59 Ohio St. 1 [51 N. E. Rep. 445; 1 Am. St. Rep. 753], the third proposition of the syllabus being:

"When a legatee dies before the testator, the legacy lapses unless such legatee was a child or other relative of the testator, and left issue surviving the testator as provided in Sec. 5971 [Lan. 9510] Rev. Stat. An adopted child is not such issue."

At page 8 the court say:

"The word 'issue' in this section means child of the body, or heir of the body, of the deceased relative of the testator, and does not include a child adopted by such decedent. The issue in such case must be of the blood of the testator and of the deceased child or other relative by birth."

Applying this construction of defendants, Louis Schaefer and Lizzie Berberich, they are not of the blood of the testator, although the issue of the devisee by a former wife.

It must be admitted, however, that this construction is in conflict with the unreported case of *White* v. *Agnew,* 1 O. S. C. D. 644 (38 Bull. 47). But the express construction of a statute which is determinative of the issue in a case is of higher authority than that which is inferred only from the affirmance of a judgment without report.

We are of opinion, therefore, that the defendants, Louis Schaefer and Lizzie Berberich, have failed to show any title to the land, and a decree may be entered accordingly.

**Swing, J.,** concurs.