[Crim. No. 1371. First Appellate District, Division Two.—December 29, 1926.]

## In re AUDREY MADELINE GOEPPNER, a Minor.

**[1]** Adoption — Error in Proceedings—Names—Right to Custody—Habeas Corpus.—In a proceeding in *habeas corpus* by the natural mother to recover the possession of her minor child from the care and custody of one Adelaine *Howat*, the latter has no right to retain custody of the child by reason of adoption proceedings relating only to one Adelaine *Howard*, in the absence of any explanation as to the discrepancy in names.

(1) 1 C. J., p. 1391, n. 96, p. 1394, n. 61.

PROCEEDING in Habeas Corpus to recover possession of minor child. Writ granted.

The facts are stated in the opinion of the court.

Lelia R. Leep and Robert L. Levy for Petitioner.

John D. Harloe for Respondent.

NOURSE, J.—The petitioner sues for a writ of *habeas corpus* to recover the custody and possession of her minor child, Audrey Madeline Goeppner. In her petition she alleges that the child is illegally and forcibly detained by

1. See 19 Cal. Jur. 533.

one Adeline Howat; that the petitioner is the natural mother of said child, which was born out of wedlock; that she has at no time abandoned the child, but that, at all times, except when prevented by said Adeline Howat, said child has been in the actual care, custody, and control of the petitioner.

A return to the writ issued herein has been filed by the person who has the present custody of the child, and who will hereafter be referred to as the respondent. This return reads in part as follows: "Comes now *Adelaine Howat,* also known as *Adelaine Howard,* and makes this return." None of the allegations of the petition are denied, but it is alleged that on March 25, 1924, *Adelaine Howat,* also known as Adelaine Howard, *duly* adopted the child by proceedings in the superior court for that purpose. A copy of these proceedings was not attached to the return as required by section 1480 of the Penal Code, but the original proceedings were exhibited at the time of the oral argument.

From this record it appears that on March 20, 1924, *Adeline Howard* filed her petition for leave to adopt the minor child in which she alleged that written consents of her husband and of the natural mother of the child to the adoption of the child in accordance with the petition had been filed. As a part of the record we find a paper signed by Karl *J.* Howard, as husband of Adeline Howard, consenting to the adoption of the child by Adeline Howard, and another paper signed by *Elva* Goeppner consenting to the adoption of the child in accordance with the petition. The order of adoption recites the filing of the petition by Adeline Howard and the written consent of *Karl* Howard and *Elvie* Goeppner and orders that Adeline Howard adopt the said child and that the said Adeline Howard and said child shall thereafter bear toward each other the relation of parent and child. No explanation is made of the use of these various names—Adelaine and Adeline Howat and Adelaine and Adeline Howard or Karl Howat, and Karl Howard and Karl J. Howard, or Elva Goeppner and Elvie Goeppner. In the argument the petitioner claims that there are no such persons as Adeline Howard or Karl Howard, but that the true name of the person restraining the liberty of the minor is Adeline Howat and that the true name of her husband is Karl Howat. The only answer of the respondent is that the English pronuncia-

tion of the name Howat is Howard, but of this fact there is neither allegation nor proof.

[1] The respondent relies solely upon the adoption proceedings in justification of her retention of the child from its natural mother, but as we have seen, those proceedings related to one Adeline Howard only. Whether Adeline Howat and Adeline Howard are one and the same person, or whether Adeline Howard is a purely fictitious person, or whether the use of the name Adeline Howard was in furtherance of a plan conceived to practice a fraud upon the court and upon the adopted child are all questions which are not necessary to be decided at this time. It is sufficient to say that upon the admitted facts before us the respondent who now has the custody and control of the child has failed to show any right to retain that custody. The case is on a line with *Ex parte Clarke*, 87 Cal. 638 [25 Pac. 967], except that in the Clarke case the supreme court held that the order of adoption was void because of errors in the names of the parties involved, which to our minds were not as flagrant errors as appear here.

It is ordered that the petition be granted and that the respondent Adeline Howat forthwith restore to the petitioner herein the care, custody, and control of the minor child known as Audrey Madeline Goeppner and also known as Audrey Madeline Howard.

Sturtevant, J., and Langdon, P. J., concurred.