[Civ. No. 29453. First Dist., Div. Four. Dec. 28, 1971.]

JANE LEV et al., Plaintiffs and Respondents, v.
COLLEGE OF MARIN, Defendant and Appellant.

## COUNSEL

Douglas J. Maloney, County Counsel, and Thomas G. Hendricks, Deputy County Counsel, for Defendant and Appellant.

Evelle J. Younger, Attorney General, and Richard L. Mayers, Deputy Attorney General, as Amici Curiae on behalf of Defendant and Appellant.

Cecilia D. Lannon for Plaintiffs and Respondents.

## OPINION

**DEVINE, P. J.**—The question on this appeal is whether a writ of mandate was properly issued, commanding that the College of Marin admit respondents as students. Respondents admittedly are emancipated, unmarried minors, both 19 years old, who are financially independent, employed, not subject to control of their parents and living away from their parental home with the parents' consent, and respondents reside and intend permanently to reside in Marin County.[1]

 Education Code section 25505.1 provides that residence for junior college attendance purposes shall be determined in accordance with Government Code sections 243 and 244 (with exceptions not relevant here). Section 243 simply says that every person has, in law, a residence. Section 244 gives these rules (besides others) of residence: "(b) There can only be one residence. . . . (d) The residence of the father during his life, and after his death the residence of the mother, while she remains unmarried, is the residence of the unmarried minor child . . . . (f) The residence of an unmarried minor who has a parent living cannot be changed by his own act. (g) The residence can be changed only by the union of act and intent."

Section 211 of the Civil Code provides: "The parent, whether solvent or insolvent, may relinquish to the child the right of controlling him and receiving his earnings. Abandonment by the parent is presumptive evidence of such relinquishment." Respondents are not subject to their parents' control as to where they shall live, for they are emancipated. Can it be said, then, that the residence of their fathers (or of their mothers if the fathers be dead) is their residence, as in Government Code section 244, subdivision (d)? We answer, as did the late Honorable Harold J. Haley, judge of the superior court, in the negative. When he made his adjudication, the

---

[1]The present tense is used to describe circumstances as of the date of granting of the writ.

opinion in *Jolicoeur* v. *Mihaly,* 5 Cal.3d 565 [96 Cal.Rptr. 697, 488 P.2d 1], was yet to come (more than a year later), but the judge anticipated, in effect, the exegesis of the law of emancipation which was to appear in *Jolicoeur.*

■ In *Jolicoeur,* there appears this passage: "Section 244's proviso that an unmarried minor's residence is that of his parents and cannot be changed by his own act must be construed in light of other statutes governing parent-child relations. In particular, Civil Code, section 211 provides in pertinent part: 'The parent . . . may relinquish to the child the right of controlling him . . . .' ■ Such relinquishment constitutes emancipation of the minor, and may be express or implied, complete or partial, conditional or absolute. (*Perkins* v. *Robertson* (1956) 140 Cal.App.2d 536, 540 [295 P.2d 972]; 67 C.J.S., Parent and Child, § 86.) The emancipated child 'is in all respects his own man.' (*Lackman* v. *Wood* (1864) 25 Cal. 147, 151.) ■ To the extent he is emancipated he becomes *sui juris,* with the same independence as though he had attained majority. (67 C.J.S., Parent and Child, § 87; see, e. g., *Wadoz* v. *United Nat. Indemnity Co.,* (1957) 274 Wis. 383 [80 N.W.2d 262, 265].) After consenting to the emancipation of a child old enough to work and care for himself, the parent has no right to custody or control. (*Ex Parte Clark* (1891) 87 Cal. 638, 642 [25 P. 967].) ■ 'A parent not entitled to the custody of a child has no right to control his residence.' (*Harlan* v. *Industrial Acc. Com., supra,* 194 Cal. 352, 359-360 [228 P. 654]; cf. Civ. Code, § 213.)" (5 Cal. 3d at p. 580.)

■ Although *Jolicoeur* has to do directly only with the voting right of 18 year olds who have established a residence in this state, the cited passage shows that appellant's reliance on that part of the Government Code which provides that a minor's residence cannot be changed by his own act, is unavailing. ■ Since Education Code section 25505.1 virtually incorporates by reference section 244 of the Government Code (with specified exceptions) and since Civil Code section 211 has been held in *Jolicoeur* to take away the parents' control of an emancipated child's residence, it follows that an unmarried emancipated minor selects his own residence in the same manner as does a single adult. ■ It would be incongruous to hold that an emancipated minor might vote in a certain area because he had established his residence there, but could not have his education there because the residence of his father was elsewhere. This would violate the provision of Government Code section 244, subdivision (b) which says that there can be only one residence.

Respondents assert that a decision contrary to the one rendered herein

would bring about denial of equal protection of the laws, the defeated equality being that between those minors who have been emancipated by consent of their parents and other minors, but because of our ruling on the statute, we abstain from considering the constitutional point.

Recently, the Governor has signed Assembly Bill 2887, which amends section 25 of the Civil Code so that minors are described as all persons under 18 years of age. Government Code section 244, subdivision (f) refers to residence of an unmarried *minor,* and does not refer to any specific age. Therefore the cause before us probably has diminished importance. But the new statute is not yet in effect; and, in any event, the validity of the order issuing the writ must be determined. Besides, it seems that emancipation would apply to persons below 18 years of age. (See *Lackman* v. *Wood,* 25 Cal. 147 [case involved a 17 year old; cause was remanded for decision whether he was emancipated]; see also *Ex Parte Clark,* 87 Cal. 638, 642 [25 P. 967].)

The order granting respondents a peremptory writ of mandate is affirmed.

Rattigan, J., and Bray, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 23, 1972.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.