171 P.2d 312

HEIRICH et al. v. HOWE.

No. 4920.

Supreme Court of New Mexico.

June 27, 1946.

Noble & Spiess, of Las Vegas, for appellants.

H. E. Blattman, of Las Vegas, for appellee.

LUJAN, Justice.

Mrs. Grace Evelyn Heirich and her husband, E. W. Heirich (appellants), both residents of the State of California, filed their petition in the district court of San Miguel County, New Mexico, on October 31, 1944, to adopt one Dorothy Elizabeth Howe. Marjorie Rickard Howe (appellee) a resident of San Miguel County and State of New Mexico, on November 14, 1944, prayed the Court leave to intervene, setting forth that her petition is pending and was pending prior to the one filed by appellants. By leave of court, appellee instituted her protest, alleging among other things, that appellants were not residents of this State and prayed that their petition be denied.

The lower court specifically found that appellants were non-residents and therefore dismissed their petition.

From the order of dismissal appellants prosecute this appeal, relying upon the following points for reversal.

"1. That the trial court erred in dismissing the petition of Mrs. Grace Evelyn Heirich and E. W. Heirich to adopt Dorothy Elizabeth Howe by reason of the fact that the said petitioners were not residents of the State of New Mexico.

"2. That the trial court erred in dismissing the petition in the above entitled cause for lack of jurisdiction by reason of the fact that the petitioners were not residents of the State of New Mexico.

"3. That the trial court erred in concluding that the court was without jurisdiction to entertain the petition of Grace Evelyn Heirich and E. W. Heirich because they were not residents of the County of San Miguel and State of New Mexico.

"4. That the trial court erred in dismissing the petition of Grace Evelyn Heirich and E. W. Heirich for the reason that the petition shows said petitioners to be residents of the State of California."

The question to be determined is, do the several district courts of the State have jurisdiction to entertain petitions filed by non-residents to adopt minor children.

■ The power to adopt children is a creation of statute, unknown to the common law, which may prescribe the conditions under which an adoption may be legally effected. In re Cozza, 163 Cal. 514, 126 P. 161, Ann.Cas.1914A, 214; Rahn v. Hamilton, 144 Ga. 644, 87 S.E. 1061.

The proceeding is a special one, and the jurisdictional requirements of the statute must be strictly followed. See In re McGrew, post.

■ As to the application of the statutes where jurisdiction is not involved it has been properly asserted that the modern rule tends to such construction as will promote the welfare of children. See 2 C.J.S., Adoption of Children, § 7.

■ It will be interesting to note that prior to the general adoption Act hereinafter referred to, adoptions in this State were effected by special acts of the Territorial Legislative Assembly in each individual case. See Maria Fermina Leonor, January 18, 1857, under Adoptions, Chapter 1, Local and Special Laws of 1884, page 872.

In 1869–70, the Territorial General Assembly passed the first statute authorizing the adoption and legitimization of children by any person in the then territory.

The pertinent sections of Chapter 31, of the above laws reads as follows:

Section 1. "That any persons in this Territory, that hereafter may desire to legitimize or adopt as heir, any child or children may do so subject and under the provisions of this Act."

Section 2. "Any person may adopt or legitimize as child or heir any child or children, person or persons by filing a declaration to that effect in the office of the Judge of Probate *in his respective county,* manifesting in the same their reasons for so doing, and such declaration shall be acknowledged and signed by him in the presence of the said probate judge, * * *" (Emphasis supplied.)

■ We think, even this old act implies that the phrase "any person in this Territory," means any person living in this Territory, particularly in view of a policy existing generally, though, not universally, of requiring the adopting person to be an inhabitant or resident of the State.

Twenty-three years thereafter the Territorial Legislative Assembly passed Chapter 32, Laws of 1893, Code 1915, § 13 et seq., authorizing the adoption of minor children by any adult person or charitable institution.

Section 1. "Any minor child may be adopted by any adult person or charitable association or incorporation organized and existing for the custody, care, maintenance and education of orphan, illegitimate, abandoned and other children entrusted to its custody and care without any reward or recompense for such custody, care, maintenance and education, in the cases and subject to the rules prescribed in this chapter."

Section 7. "The person, association or corporation seeking to adopt a child, must file a petition *in the probate court of the county in which such person resides,* or corporation or association has its institution and home for the custody and care of such child, which petition shall state fully the facts and circumstances entitling applicant to adopt such child. * * *" (Emphasis supplied).

The Act of 1893 extended the authority of adoption of minor children to charitable institutions and limited the same to adult persons, and the above act by strong implication, if not expressly, limits the adoption of children to persons and institutions residing in this State.

By Chapter 5, Session Laws of 1925, 1941 Comp. § 25-201, the Legislature vested the district courts with exclusive jurisdiction in adoption matters and restricted the adoption of minor children to residents of the State.

Counsel for appellants refer to the last mentioned enactment in their brief as follows:

"Let us look at Section 25-204, Comp. 1941 and remember that this section must be construed together with Section 25-201; 'Any minor child may be adopted by any adult person or charitable association or [organization] * * *.' It will be noted this section extends the right of adoption to 'any adult person,' without limiting such

adult persons to those who are residents of the State of New Mexico. This section does not and cannot be construed as limiting the right to adopt to residents of New Mexico or to residents of the county in which the application is filed. It is a familiar rule of statutory construction that a statute will not be construed as repealing an existing law unless no other construction can be placed on such statute. If the language of Section 25-201 is to be treated as limiting the right of adopting persons to those who are residents of the county and state, then we must construe it as repealing Section 25-204 and as creating a single class of persons capable of adopting in the State of New Mexico. Repeals by implication are not favored. Such a construction, as we shall show, are (is) neither necessary nor reasonable."

■ The trouble with this argument is that appellants give too much significance to the language quoted from 1941 Comp. § 25-204, which was Sec. 1 of Chapter 32 Laws of 1893 heretofore quoted and none at all to Sec. 7 of that Act, which we have also quoted. Counsel for appellants overlooked Sec. 7 of the 1893 Act, perhaps because it does not appear in 1941 Comp. and the compilers' note to Sec. 25-209 says that said Section 7 was superseded by Section 25-201. This comment of the compilers may be justified insofar as jurisdiction and place of filing petitions are concerned, but Sec. 7 of the 1893 Act is important historically as showing that the 1925 Legislature when enacting Chapter 5 of the laws of that session by the use of the phrase "any resident of the State may petition the District Court for the County in which he resides for permission to adopt any minor child not his own * * *" was not introducing a new requirement of residence of the petitioner inconsistent with Sec. 1 of Chapter 32 Laws of 1893 when properly understood in the light of the provisions of Sec. 7 of that Act, but was merely preserving a residential requirement already existing in the earlier laws relating to adoption. We agree with so much of appellants' argument heretofore quoted, stating:

"That a statute will not be construed as repealing an existing law unless no other construction can be placed on such Statute."

■ We find nothing in Chapter 5 Laws of 1925, 1941 Comp. §§ 25-201 to 25-203, inconsistent with Chapter 32, Laws 1893, Code 1915, § 13 et seq., as herein construed except that jurisdiction of adoption cases is by the 1925 Act transferred to the District Court and certain procedural provisions added. No earlier statutes are expressly repealed and the principle that repeals by implication are not favored needs no citation of supporting authority. See also Hahn v. Sorgen, 50 N.M. 83, 171 P.2d 308, for further discussion relating to these statutes.

■ The express words used in the statute obviously mean that the adopting per-

son must have an actual residence in the State and not merely a theoretical one. We are, therefore, of the opinion, that the Act is mandatory and that the provisions of the Act limit the jurisdiction of the Courts to proceedings instituted by residents of the State.

It is to be observed that Section 2 of the 1925 Act, 1941 Comp. § 25-202, provides that "no petition shall be finally granted until the child shall have lived six (6) months in the proposed foster home." We do not think this means a home outside of this State, since this section contemplates some observation by the court and its agent of the child's surroundings, and it is difficult to see how this could be satisfactorily done where the foster home is not within this State.

In construing their adoption statute which reads in part as follows: "Any inhabitant of this state not married, or any husband and wife jointly, may petition the superior court of their proper county for leave to adopt * * *," the Supreme Court of the State of Washington in the case of Knight v. Gallaway, 42 Wash. 413, 85 P. 21, 22, held that the lower court had no jurisdiction to entertain a petition for the adoption of a child by persons not inhabitants of the county in which the application was made.

And in Re McGrew (Appeal of Gilbert), 183 Cal. 177, 190 P. 804, 805, the court held that under a statute similar to ours, the court of the county in which the person desiring to adopt the child resides is the only court which has jurisdiction to declare and order an adoption. The court said:

"The statute provides that one who desires to adopt a child may, 'for that purpose, petition the superior court of the county in which the petitioner resides,' and it also declares that, if the persons whose consent is necessary are not residents of said county, their written consent may be procured, and must be filed in the superior court of the said county at the time of the application and adoption. Civ.Code, § 226. This means that the court of the county in which the person desiring to adopt the child resides is the only county which has jurisdiction to declare and order an adoption. The proceeding for adoption is a special one, and the requirements of the statute must be strictly construed, particularly with respect to the jurisdiction of the court. Ex parte Clark, 87 Cal. [638], 640, 25 P. 967; [In re] Estate of Williams, 102 Cal. [70], 77, 36 P. 407, 41 Am.St.Rep. 163, [In re] Estate of McCombs, 174 Cal. [211], 214, 162 P. 897: It follows, therefore, that the order of adoption, being made by a court without jurisdiction, is void."

It is next urged by appellant that Chapter 5, supra, is unconstitutional, in that it violates the provisions of Article 4, Section 16, of the New Mexico Constitu-

tion. The record does not disclose whether or not the lower court ever heard, considered or ruled upon this question, nor is this question raised by the assignment of errors, hence it is not here for consideration.

Points not raised in the trial court will not be acted on by Appellate Court. Hutchens v. Jackson, 37 N.M. 325, 23 P.2d 355.

We hold that the statute in question is mandatory; that the lower court is without jurisdiction; and that it properly dismissed appellants' petition to adopt said minor child.

Finding no error, the judgment is affirmed and it is so ordered.

SADLER, C. J., and BICKLEY and BRICE, JJ., concur.

HUDSPETH, J., did not participate.