171 P.2d 308

**HAHN v. SORGEN.**

No. 4944.

Supreme Court of New Mexico.

June 27, 1946.

James J. McNamara, of Clovis, for appellant.

Richard F. Rowley, of Clovis, for appellee.

BICKLEY, Justice.

Plaintiff-appellee filed her action against defendant in the District Court of Curry County, New Mexico, praying that her title to an undivided three-eighths interest in certain lands in said county be quieted.

Defendant-appellant denied that plaintiff had any title, pleaded the source of his title and prayed that it be quieted against plaintiff.

Plaintiff-appellee replied denying certain legal conclusions in the Answer and the case stood at issue.

It is conceded that this review presents but one question: Does an adopted child inherit from the adopting parent or parents as does a natural child in the State of New Mexico?

The trial court decided this question in favor of the plaintiff and entered Judgment quieting her title as prayed in her complaint. From this Judgment, defendant appeals.

The facts were stipulated and are undisputed. In 1908, Joseph Zulek and Louise M. Zulek, husband and wife were residents of Richardson County, Nebraska, and at that time and place legally adopted the plaintiff. The adoption decree specified that the adopted child "shall have the right of inheritance * * * the same as a child born of their body in lawful wedlock."

In 1938, Joseph Zulek died testate in California, being at that time a resident of that state. His Last Will and Testament was duly probated in California and ancillary proceedings were had thereon in New Mexico.

At the time of his death, the property herein involved was owned by Joseph

Zulek and Louise M. Zulek, his wife, as community property. In his Will, Joseph Zulek devised and bequeathed to Louise M. Zulek, his wife, all his property except one lot in Culver City, California. No mention of the adopted daughter was made in the Will and no notice of any kind was given her in the ancillary proceedings in the Probate Court of Curry County, New Mexico, nor was she named as an heir in said proceedings. Appellant acquired the Land in question from Louise M. Zulek.

Appellant's sole Assignment of Error is as follows:

"The Court erred in holding that plaintiff, an adopted child, had a right of inheritance from her adopting father."

Our pretermission statute, 1941 Comp. § 32-107, recites:

"If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, every such testator, so far as shall regard such child or children, or their descendants not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate; and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part."

The question then is whether the word "child" in this statute includes in its meaning an adopted child so that such adopted child would inherit from a testate parent.

The answer is to be found in a consideration of our statutes and decisions. The application of these statutes, they being enacted in favor of humanity, should be liberally construed. In re Gossett's Estate, 46 N.M. 344, 129 P.2d 56, 142 A. L.R. 1441. See also 1 Am.Jur., Adoption of Children, §§ 5 and 6.

It is a familiar rule of statutory construction that an interpretation of a statute will never be adopted which will render the application thereof absurd or unreasonable. In cases of adoption solicitude is for the welfare of the child, and not primarily for the convenience of the person adopting. The beneficent public policy involved in adoption statutes has made of them an essential part of the jurisprudence of the United States. 1 Am. Jur., Adoption of Children, § 3, note 2.

It is said in the American Jurisprudence, Adoption of Children, in § 59:

"The statutes authorizing adoption proceedings commonly give the adopted child the status of a natural child of the adoptive parent, and provide that it shall be capable of inheriting the property of such parent

in the same manner as a natural child. Under such statutes it necessarily follows that the child will inherit such property on the death of the parent intestate * * *. The right of an adopted child to inherit from its adopting parents is not affected by the circumstance that the Statute of Descent and Distribution does not refer to adopted children. That Statute must be understood as merely laying down general rules of inheritance, and not as completely and accurately define (ing) how the status is to be created which gives the capacity to inherit; it does not undertake to prescribe what is necessary to constitute the legal relation of parent and child. And in view of the rights usually conferred on an adopted child by the adoption statutes, it is generally held that an adopted child is within the meaning of the word 'children' as used in a statute of descent and distribution. The use of the word 'issue' in the Statute. of Descent and Distribution, therefore, does not limit the right of inheritance to natural children, if the Court can say that the word is used in the sense of 'child' or 'children'."

See also Annotation in 105 A.L.R. 1176, at page 1181, where decisions are assembled showing that generally an adopted child is within contemplation of statutory provisions relating to pretermitted children.

Since in this case the property involved was the community property of Mr. and Mrs. Zulek, Sec. 31-109, 1941 Comp., would control its devolution. This section recites:

"Upon the death of the husband one-half of the community property goes to the surviving wife and the other half is subject to the testamentary disposition of the husband, and in the absence of such disposition goes one-fourth to the surviving wife and the remainder in equal shares to the *children* of the decedent and further as provided by law." (Emphasis supplied.)

With these preliminary observations in view we pass to the inquiry as to the history of our statutes relating to adoption of children.

The earliest enactment which has come to our attention is Chapter 31, Laws 1869–70. The title to this Act is

"An Act Establishing a system of Legitimizing or Adoption of children or heirs in this Territory."

Section 5 of this Chapter, which was carried forward into C.L.1897 as Sec. 1492, was as follows:

"And those persons adopted or legitimized as children or heirs by virtue of this act; shall be considered under the law as legitimate children in regard to their duties and obligations toward the persons that have adopted or legitimized them, and in respect to them, it being understood that they shall always be subject to be disinherited for the same legal reasons, as are now legitimate (legal) heirs."

In Dodson et al. v. Ward, 31 N.M. 54, 240 P. 991, 993, 42 A.L.R. 521, we said:

"In Barney v. Hutchinson, 25 N.M. 82, 177 P. 890, we said that a child adopted in 1880 by J. W. Barney and Annie C. Barney, his wife, was, on the death of Annie C. Barney, intestate, entitled to share in her estate as though he were her son.

"The court said that the statute of adoption then in force was chapter 31, Laws of 1869–70. The section we have quoted from C.L.1897 was section 5 of that act. The other provisions quoted herein were enacted in 1893 (Laws 1893, c. 32), so the court, in Barney v. Hutchinson, supra, doubtless considered the status of the adopted child as being fixed by section 5 of chapter 31, Laws of 1869–70. Since this last-mentioned act was not repealed until 1915, we must consider it here. A consideration of that section shows that it was the legislative intent that an adopted child should inherit from the person adopting it, else the Legislature would not have said that—

"'They shall always be subject to be disinherited for the same legal reasons as are now legal heirs.'

"We have no fault to find with the decision in Barney v. Hutchinson, supra."

We have just now noticed the title to the Act and provisions of Sections 1 and 2, which recite:

"That any persons in this Territory, that hereafter may desire to legitimize or adopt *as heir*, any child or children may do so subject and under the provisions of this act." (Emphasis supplied.)

Section 2 provided:

"Any person may adopt or legitimize as child or heir any child or children, etc."

These expressions add support to the view stated in the quoted portion of Dodson v. Ward, supra. While there are many advantages which may accrue to an adopted child short of the right to inherit this early Act used the word "heir" and "child" interchangeably and regarded adopting a child as adopting an heir.

It is suggested by appellant and we intimated in Dodson v. Ward, supra, that the foregoing statute was repealed prior to the death of the adoptive father in 1938. So far as we know the assumed repeal was accomplished, if at all, by the circumstance of its omission from the Code of 1915. See Code 1915, page 1665.

In order to give this circumstance a proper appraisal, we note that the Compilation of 1897 in the Chapter on "Adopting and legitimizing" Sec. 1488–1508 contained all of the provisions of Chapter 31, Laws 1869–70 as well as the provisions of Chapter 32, Laws 1893 which was entitled:

"An Act in Relation to and Providing the Manner of the Adoption of Children."

The 1897 Compilation Commission were admonished in Sec. 3 of its Authority, Laws 1897, p. 80.

"To make a careful and accurate compilation of all the General Laws of the Territory of New Mexico which shall be in force on the first day of April, A. D. 1897."

It is evident that the Commission determined that the provisions of Chapter 31, Laws 1869–70 were not repealed by Chapter 32, Laws 1893 or otherwise.

The circumstance of the omission by the compilers of the 1915 Code of the provisions of Chapter 31, Laws 1869–70, may be accounted for as follows: Said Chapter dealt with both adopting and legitimizing. The 1915 compilers doubtless took notice that subsequent to the 1897 Compilation, the Legislature of 1889 enacted Chapter 90 of the Laws of that session which provided in Section 21 thereof, 1915 Code, Section 1850, that:

"Illegitimate children shall inherit from the mother and the mother from the children; they shall inherit from the father whenever they have been recognized by him as his children, but such recognition must have been general and notorious, or else in writing. And they shall inherit only when the father has no legitimate children."

So it may have been thought that there was no longer any need for that portion of Chapter 31, Laws 1869–70, which made legitimizing by court proceedings an essential in order to fix the status of illegitimate children to be the same as legitimate children and furthermore said Section 21 of Chapter 90, Laws 1889, probably modified Section 5 of Chapter 31, Laws 1869–70, see L.1897, Sec. 1492, so as to place a limitation on the right of an illegitimate child to inherit from its putative father; and, too, the 1915 compilers of the Code may have been of the opinion that the language of Section 10 of Chapter 32, Laws 1893, see L.1897, Sec. 1505, authorizing the probate judge to make an order "declaring the child to be adopted by the applicant and thenceforth to be regarded and treated *in all respects* as the child of the person adopting," (Emphasis supplied) to be the equivalent of what was recited in C.L.1897, Section 1492, Sec. 5, Chapter 31, Laws 1869–70, insofar as the status of adopted children is concerned. If such was the compiler's thought it is not unreasonable, for how could an adopted child be "regarded * * * in all respects as the child of the person adopting," if such child did not, like other children of the person adopting, have the right of inheritance? We cannot read into the recital in this statute last quoted additional words so as to give it a meaning that an adopted child is to be regarded in all respects as any other child of the person adopting "except that he does not inherit." If the

Legislature of 1893 (Ch. 32) had intended a reversal of the public policy evinced in Sec. 5 of Chapter 31, Laws 1869–70, which policy was in accord with the general policy existing in our sisterhood of states they would doubtless have used language plainly evidencing that intention. It is also significant that this 1893 Act did not carry a repealing clause.

■ We find nothing in Chapter 5 of Laws of 1925, 1941 Comp. §§ 25-201 to 25-203, inconsistent with the provisions of Chapter 32, Laws 1893 as herein construed except that jurisdiction of adoption cases is by the 1925 Act transferred to the District Courts and certain procedural provisions added. No earlier statutes are expressly repealed and the principle that repeals by implication are not favored needs no citation of supporting authority.

Other arguments in support of the view we here adopt are: We have held in Re Gossett's Estate, supra, that our statutes on Descent and Distribution properly construed mean that the word "child" includes an illegitimate child whom a father has recognized as his child as required by statute to make him an heir of the father. Much of the reasoning in that case would lead to the same result as to an adopted child.

■ Subsequent to the enactment of the controlling statutes relating to the adoption of children our Legislature has enacted laws indicating a legislative understanding that adopted children occupy the same legal status and are entitled to the same consideration as those born in wedlock. Some instances are: By the Laws of 1921, c. 179, 1941 Comp. § 34-101, an adopted child is grouped with lineal descendants in determining the amount of the decedent's estate which is exempt from inheritance taxes, and in the same Act there is imposed an inheritance tax upon estates passing to " * * * parent or parents, husband, wife [or] lineal descendants [or] legally adopted child * * *."

In the instance of Adoption of Adults, Laws 1933, c. 18, 1941 Comp. § 25-212, et seq., the right of inheritance is given "as now provided by law, of a natural child of such adopting person." No reason is presented to the mind in support of the theory that the Legislature in this 1933 Act was introducing something novel and intended to grant the right of inheritance to adopted adults on the assumption that such rights had previously been withheld from adopted minors. Rather to the contrary, it would seem that the Legislature sought to accomplish harmony in the provisions relating ·to adopted children and their rights and thus expressly accorded to adopted adults the same rights as then existed in adopted children.

Another instance of the legislative thought that an adopted child should be

treated "in all respects" as a natural child is found in the Workmen's Compensation Act. In 1941 Comp. § 57-912 which defines terms used in the Act, it is said in subd. (k) "as used in this section, the term 'child' includes * * * adopted children."

From all of the foregoing we conclude that the word "child" in our pre-termission statute includes any child that would inherit from an intestate parent and that the statutes of Descent and Distribution used the word "child" as including an adopted child. Finding no error in the judgment, it is affirmed. It is so ordered.

BRICE, LUJAN, and HUDSPETH, JJ., concur.

SADLER, C. J., did not participate in this decision.