212 P.2d 772

**MARES v. MARTINEZ et al.**

No. 5224.

Supreme Court of New Mexico.

Dec. 14, 1949.

W. T. O'Sullivan, Albuquerque, for appellant.

Noble & Spiess, Las Vegas, for appellees.

BRICE, Chief Justice.

This action was brought by the plaintiff (appellant), who claimed to be the adopted child of Epimenio Martinez, deceased; and as such was entitled to a three-eighths interest in the property of the deceased, who died testate, as it is alleged, without naming or providing for her in his will, as provided by a New Mexico statute hereinafter set out. Judgment was entered dismissing the complaint, upon motion of the defendants, upon the asserted ground that the complaint did not state a cause of action.

The substance of the material facts alleged in the complaint, necessary to a determination of the cause, is as follows:

The plaintiff was born on the 30th of November, 1891; her mother died on the 22nd day of February, 1895, leaving surviving her her husband, the plaintiff, and three other children. Epimenio Martinez was the brother of plaintiff's father. He and his wife had no issue. At the death of plaintiff's mother, Epimenio Martinez and his wife agreed with plaintiff's father " * * * that they and each of them would forthwith take this plaintiff into their home aforesaid and thereafter adopt, rear, educate and in every respect treat and do for

this plaintiff as if this plaintiff were their own true child, and in consideration thereof this plaintiff's father aforesaid then and there agreed to permit said Epimenio Martinez and his said wife to do as aforesaid and further agreed to and then and there did renounce and relinquish all right as this plaintiff's father to exercise the sole direction and supervision of the conduct, upbringing and education of this plaintiff in favor of the exercise thereof in his place and stead by said Epimenio Martinez and his said wife."

Pursuant to this agreement, Epimenio Martinez and his wife took the plaintiff to their home from that of her father, and made her a member of their family, assuming and exercising all responsibility for her care, maintenance and education. They conducted themselves toward the plaintiff in every way " * * * as if this plaintiff were their own true daughter, holding out this plaintiff to others as their true daughter and treating this plaintiff as such in all respects; that at all such times, in return therefor, this plaintiff subjected herself to said Epimenio Martinez and his wife and each of them as if they were plaintiff's parents of the blood and she their daughter in fact."

Epimenio Martinez and his wife failed to legally adopt plaintiff as they had agreed. The foster mother died intestate in 1924 and all of her estate vested in her husband.

The foster father married in 1925 one Anita Simpson Clothier, defendant herein, and this marriage relation continued until the 2nd day of March, 1939, when Epimenio Martinez died. In 1938 Epimenio Martinez made his last will and testament, which was thereafter admitted to probate in the County of Mora, State of New Mexico. Epimenio Martinez did not recognize plaintiff as his daughter in his last will and testament, but instead thereof inserted the following:

"I hereby declare that I have had no children; that in the event any persons or person prove or establish before a court of competent jurisdiction that he or she as the case may be, is my child, legal or illegal, then to any such person or persons I give the sum of Five Dollars ($5.00) to be paid by my executors as an inheritance from me; * * *

"I hereby give, devise and bequeath unto Alicia M. Mares that certain dwelling house situated at Wagon Mound in the said county of Mora in the State of New Mexico, and known as the Elias Chavez house and the professor's house;"

By the terms of the will the remainder of the testator's property, which was of considerable value, was devised or bequeathed to the defendants.

It is asserted by plaintiff that she is a pretermitted child of testator, and as such the will is void; that as an heir she is

entitled to a child's interest in her foster father's estate by virtue of the following statute:

"If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, every such testator, so far as shall regard such child or children, or their descendants not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate; and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part." Sec. 32-107, N.M.Sts.1941.

Whether plaintiff is testator's "child" in the sense the word is used in the statute, we need not decide, but for the purposes of this case we will assume that she is. But see Dunham v. Stitzberg, 53 N.M. 81, 201 P.2d 1000; Barney v. Hutchinson, 25 N.M. 82, 177 P. 890; Wooley v. Shell Petroleum Corp., 39 N.M. 256, 45 P.2d 927. Assuming that the plaintiff was in fact the testator's adopted daughter, it follows that the statute last quoted applies to her. We have so held. Hahn v. Sorgen, 50 N.M. 83, 171 P. 2d 308. If she is not a pretermitted child (and that is the only question presented to us), the judgment of the trial court should be affirmed.

Plaintiff states her contention as follows: "* * * that the statute requires the testator to remember the existence of the *relationship* and that it is not enough for him to remember *only* the existence of the *person*. We contend that the purpose of the statute is to see that the testator remembers his 'child or children or their descendants' and that a testator such as Epimenio Martinez, who declares that he is childless, in one section of his will, cannot possibly be said to have remembered 'his child' in the same will. What 'child' may we ask, is in the mind or memory of a testator who declares that he has had no children? * * * The mere *physical existence* of certain *individuals?* Or is it not, instead, the *existence of the relationship* of such individuals to the testator?

"We urge here, for what appears to be the first time in any court, that the purpose of statutes for the protection of pretermitted *children* is to insure the remembrance of the *relationship of parent and child,* and that such purpose is defeated when a testator declares that he is *childless* and then goes on to name or provide for a certain individual legatee in his will. To put the question rhetorically: who is the 'child' of a 'childless' testator?"

Regarding this statute, we have stated:

"This act was passed in 1901, and was, no doubt, copied after that of the statute of the state of Missouri, passed in that form in

1834. The statute was also copied by Washington and Oregon. The courts, in construing this statute, have held that the objects of the statute is to produce an intestacy only when the child or descendant is unknown or forgotten, and thus unintentionally omitted; that the statute extends only to a case of an entire omission, and the mention of a child without a legacy or other provision for him is sufficient to cut him off from a distributive share of the estate." Smith v. Steen, 20 N.M. 436, 150 P. 927, 929.

And see Woods v. Drake, 135 Mo. 393, 37 S.W. 109. It is not required that the relationship be stated in the will. The reference in the provision quoted may have been to children of the blood; or it may be that the testator was of the opinion that plaintiff was not an adopted child. However that may be, she was not "forgotten," but was provided for in the will. It is not at all probable, if indeed it is possible, that the testator could have made provision for the plaintiff in his will, and at the same time have forgotten their relationship. The plaintiff was not a pretermitted child.

No other question has been presented.

The judgment of the district court is affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE, and COMPTON, JJ., concur.