395 P.2d 235

**LOVINGTON NATIONAL BANK, Administrator of The Last Will and Testament of William Henry Anderson, Deceased, and Ethel Anderson, Plaintiffs-Appellees,**

v.

**Michael HORTON and Willie Pearl Anderson, Defendants-Appellees,**

**Debra Denise Smith, Defendant-Appellant.**

**No. 7399.**

Supreme Court of New Mexico.

July 13, 1964.

Rehearing Denied Sept. 28, 1964.

Ward, Potter & Payne, Lovington, for Lovington Nat. Bank, Admr., and Ethel Anderson.

Neal & Neal, Hobbs, for Michael Horton and Willie Pearl Anderson.

Hammel Carrell, Joseph O. Walton, Lovington, for appellant.

REIDY, District Judge.

This is an appeal from a judgment entered by the District Court of Lea County which declared that Debra Denise Smith, appellant, does not have any interest in and to the estate of W. H. Anderson, deceased, and does not take any portion of decedent's estate, either by inheritance or under the will of the decedent.

All of the material facts were stipulated to in an action for a declaratory judgment and, in brief, they are as follows:

William Henry Anderson and Ethel Anderson were husband and wife and all property accumulated by them was community property. They had three children, Willie Pearl Anderson, Sybil Smith and Gladys Horton. William Henry Anderson executed his last will and testament on March 18, 1950, which had, in part, the following pertinent provisions: The testator intended to dispose of only his one-half interest in the community property, and that he realized that under the laws of New Mexico his wife would receive one-half of the entire estate. Since she would be amply provided for she was bequeathed only one thousand ($1,000.00) dollars.

A trust life estate was created for the daughter, Willie Pearl Anderson, an incompetent. This was in the sum of Forty Thousand ($40,000.00) dollars with the remainder to the residuary legatees. They were Gladys Horton, a daughter, and Wil-

liam James Smith, a grandson, being the only child of Sybil Smith who was deceased at the time of the execution of the will. If either legatee died with issue prior to the death of the testator, the estate of the deceased legatee would go to their issue.

Later, in July of 1954, the testator executed a codicil in which he revoked the legacy to his grandson, William Jones Smith, and left him only a life estate in trust with the remainder to Gladys Horton or her issue.

Gladys Horton predeceased the testator and left one child, the defendant Michael Horton. The parties do not dispute that he is a legatee under the terms of the will.

After the execution of the will and the codicil and prior to the death of the testator, the grandson, William James Smith, and his wife legally adopted the defendant, Debra Denise Smith. The testator knew of this circumstance. William James Smith predeceased the testator who died April 14, 1962.

The will and codicil does not name or provide for Debra Denise Smith, the adopted child of the testator's grandson, William James Smith.

The appellant seeks a reversal of the judgment by urging that she is a pretermitted heir under our laws and that she should share in the estate.

Appellant cites § 29–1–17, N.M.S.A.1953, which provides as follows:

"Whenever a child has been legally adopted, such child shall inherit from the adopting parents, and each of them, and the adopting parents and each or either of them shall inherit from the adopted child, to the same extent as if he were a natural child of the adopting parents. For all inheritance purposes without exception the adopted child shall be considered a natural child of the adopting parents and in the event of the death of such adopted child, his estate shall ascend, descend and be distributed as is otherwise provided by law for natural born children of the same family, all to the exclusion of the natural or blood parents of such child, Provided however, where one [1] of the natural parents be united in bonds of matrimony to the other adopting parent then in such event the rules of inheritance as above set out shall attach as if said child were the natural child of both such parents."

It is true that in Hahn v. Sorgen, 50 N.M. 83, 171 P.2d 308, this court held that an adopted child inherited from the adopting parents as does a natural child when such parent dies intestate or fails to mention or provide for such adopted child in a will. We are urged in this appeal to extend the doctrine to kindred of the adopting parents.

Since our decision in this case will be determined by another statute relating to inheritance, it will not be necessary to express an opinion as to whether or not the inheritance rights of an adopted child extend to kindred of the adopting parents. There is authority on both sides of the question. The New Mexico pretermission statute is § 30–1–7, N.M.S.A.1953, as follows:

"If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, every such testator, so far as shall regard such child or children, or their descendants not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate; and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part."

We may assume, for the purposes of this case alone, that appellant could be classed as a natural child under the statute just quoted. Even so, does she then share in the estate?

At the time of death of the testator, our law on descent and distribution as to com-munity property was, and is now, § 29–1–9, N.M.S.A., 1963 Pocket Supp.:

"Upon the death of the husband, the entire community property goes to the surviving wife, subject to the husband's power of testamentary disposition over one-half [½] of the community property. In the case of the dissolution of the community by the death of the husband the entire community property is subject to the community debts, the husband's debts, funeral expenses of the husband, the family allowance and the charge and expenses of administration."

Prior to the amendment of this section by the legislature in 1959 and 1961, it provided that if the husband did not dispose of his one-half by will, the property would descend one-fourth to the surviving wife and the remainder in equal shares to the children of the decedent. At that time, of course, a pretermitted heir would be entitled to some share in the estate of the decedent.

The appellant urges that the property in this case, even though it be acknowledged as all community, be declared separate property of the decedent at the moment of his death. Or perhaps, does the appellant want us to declare that the execution of a will, in and of itself, transforms the community property to separate? We

would be indulging in legal fantasy to adopt either theory in this case, and so decline.

The problem is discussed in an article by Professor Justin Sweet entitled "Rights of Pretermitted Heir in California Community Property—A Need for Clarification" appearing in 13 Stan.L.R. 80, and a so-called "liberal theory" suggested as a method of avoiding the effect of literal application of the statute. We are not convinced and decline to adopt such approach. As stated in the article, the problem of the pretermitted heir's rights resulting from adoption of § 29–1–9, supra, is properly one for the legislature. In our view, it should not be resolved by us through adoption of tortuous interpretation of unambiguous language.

It may well be true under our present statutes of descent and pretermission that injustice could result to pretermitted heirs insofar as community property is concerned. The amendment to our community property statute giving all to the wife upon the death of the husband without a will has the effect of foreclosing pretermitted heirs from sharing in community property.

Assuming still that appellant is a pretermitted heir, she would be "entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate." Dying intestate, his share of the community would go to his surviving wife. There is nothing for appellant to share.

The court ruled correctly and its judgment is affirmed.

It is so ordered.

MOISE and NOBLE, JJ., concur.