[No. 5981.  Decided March 22, 1906.]

## RONALD T. KNIGHT et al., Appellants, v. WILLIAM GALLAWAY et al., Respondents.[1]

ADOPTION — JURISDICTION — APPLICATION BY NONRESIDENTS.  The courts have no jurisdiction to entertain a petition by nonresidents to adopt a child, Bal. Code, § 6480, limiting the right of adoption to residents of the county where the application is made.

SAME—WELFARE OF CHILD.  An order for the adoption of a child will be reversed where it appears from the evidence that it is not to the welfare of the child that the applicants be permitted to adopt her.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered May 10, 1905, for the adoption of a child, after a hearing upon conflicting applications.  Reversed.

*W. D. Scott,* for appellants.

*Richardson, Roche & Onstine,* for respondents.

FULLERTON, J.—This is an appeal from an order of adoption.  From the record it appears that Nettie Beatrice Walsh is an orphan female child, of the age of seven years; her father having died in her infancy and her mother on February 18, 1905.  Since her infancy, she has been in the custody of the respondents, although her mother while she lived kept control over her and contributed to her support.  In April following the death of the mother the respondents filed a petition in the superior court of Spokane county, that being the county of their residence, praying for leave to adopt the minor as their own child.  While this petition was pending, the appellants appeared and filed an answer thereto, and a counter-petition, in which they controverted the allegations of the respondents' petition, and asked that an order of adoption be made in their favor.  It appeared from the appellants' petition that they were residents of the state of Montana, and

1Reported in 85 Pac. 21.

on the hearing the superior court held that it had no jurisdiction to entertain their petition because of their nonresidence. It then examined the evidence and held that the respondents were suitable and proper persons to have the care and custody of the child, and entered the order from which this appeal is taken.

In deciding that the appellants were not entitled to petition in this state for the adoption of the child we think the trial court ruled correctly. The statute on that subject reads in part as follows:

"Any inhabitant of this state not married, or any husband and wife jointly, may petition the superior court of their proper county for leave to adopt a child under the age of twenty-one years, not their's by birth, and for a change of name of said child; . . ." Bal. Code, § 6480.

While this clause is somewhat awkward, both in expression and phraseology, we think its meaning plain. We think the legislature intended by it to limit the right to petition the courts of this state for leave to adopt a child to inhabitants of the state, and to require married persons to join in any petition presented on their behalf; and that it was an effort to express these different ideas by the use of too few words that gives rise to such uncertainty as appears in the language used. That this is the proper construction of the statute is borne out by the further clause requiring the petitioners to present their petition to the court of "their proper county." The phrase "their proper county" must mean the county in which the petitioners reside, if it has any meaning at all, and to give it this meaning precludes the idea that a nonresident of the state has the right to petition.

But while we are of the opinion that the court did not err in holding that it was without jurisdiction to grant the petition of the appellants, we are equally of the opinion that it erred in granting the petition of the respondents. In determining whether leave to adopt a child should be granted by the court the welfare of the child is the primary if not the

sole consideration, and we are convinced that it is not to the welfare of this child that the respondents be permitted to adopt her. Without quoting from the record the evidence that has driven us to the conclusion, we feel that so far from promoting her welfare it would be a positive wrong to her to permit the order to stand.

The order appealed from will be reversed, and the cause remanded, with instructions to deny to each of the applicants the right of adoption.

MOUNT, C. J., HADLEY, ROOT, CROW, and DUNBAR, JJ., concur.