**Ex parte HELSCEL.**
No. 35971.

Supreme Court of Oklahoma.
March 2, 1954.

Rehearing Denied March 23, 1954.

F. J. Lucas, Tulsa, for plaintiff in error.

Smith & Thieman, Tulsa for defendants in error.

WILLIAMS, Justice.

On the 24th day of November, 1952, Mary Helscel filed her petition for writ of habeas corpus to obtain custody of Robert Jensen Busby. The trial court under date of January 5, 1953 denied the writ and petitioner appeals.

The respondents to the petition for the writ of habeas corpus are Eugene Kirtley and Delphia Helen Kirtley. In this opinion the parties will be referred to by their trial court designation unless for the purpose of clarification it is necessary to refer to them by name.

Petitioner was the mother of the child which was born July 2, 1951. At that time she was not married. On September 1, 1951, petitioner, together with respondents went to Sapulpa, Oklahoma and on that date the county judge entered an order of adoption by which it would appear that respondents became the adoptive parents of the child. On September 8, 1951, petitioner married Hubert Helscel and they are now living together as husband and wife. All of the parties are now and were at the time of the adoption residents of Tulsa, Oklahoma. Eugene Kirtley made an affidavit stating that he was a resident of Creek County. The proceeding for adoption appears regular.

It is the position of petitioner that the proceeding in adoption is void. Delphia Helen Kirtley is the step-sister of petitioner. It is assumed, but never determined, that the father of the child is one of the Helscels. The only definite agreed fact is that Hubert Helscel who married petitioner on September 8, 1951, is not the father of the child. Petitioner bases her right to the child on the ground that the proceeding being void she as the mother is entitled to said child. We are of the opinion and hold that the proceeding for the adoption in Creek County is void. We have never decided the question presented. 10 O.S.1951 § 48 provides in part as follows:

"The person adopting a child, and the child adopted and the other persons whose consent is necessary, must appear before the county judge of the county where the person adopting resides, and the necessary consent must thereupon be signed, and an agreement be executed by the person adopting, to the effect that the child shall be adopted and treated in all respects as his own lawful child should be treated; * * *."

It is the position of petitioner that under said section the proceeding requires that the party adopting the child must be a resident of the county where the adoption takes place. In Ex parte Clark, 87 Cal. 638, 25 P. 967, the court held the requirements of a

similar statute to be jurisdictional. This case has been cited and approved in almost every jurisdiction in the United States considering this question. In Heirich v. Howe, 50 N.M. 90, 171 P.2d 312, 316, a non-resident attempted to adopt a child. In citing and approving Ex parte Clark, supra, the court said:

"* * * the Supreme Court of the State of Washington in the case of Knight v. Gallaway, 42 Wash. 413, 85 P. 21, 22, held that the lower court had no jurisdiction to entertain a petition for the adoption of a child by persons not inhabitants of the county in which the application was made..

"And in Re McGrew (Appeal of Gilbert), 183 Cal. 177, 190 P. 804, 805, the court held that under a statute similar to ours, the court of the county in which the person desiring to adopt the child resides is the only court which has jurisdiction to declare and order an adoption. The court said:

" 'The statute provides that one who desires to adopt a child may, "for that purpose, petition the superior court of the county in which the petitioner resides," and it also declares that, if the persons whose consent is necessary are not residents of said county, their written consent may be procured, and must be filed in the superior court of the said county at the time of the application of adoption. Civ. Code, § 226. This means that the court of the county in which the person desiring to adopt the child resides is the only county which has jurisdiction to declare and order an adoption. The proceeding for adoption is a special one, and the requirements of the statute must be strictly construed, particularly with respect to the jurisdiction of the court. Ex parte Clark, 87 Cal. (638), 640, 25 P. 967; (In re) Estate of Williams, 102 Cal. (70), 77, 36 P. 407, 41 Am. St. Rep. 163, (In re) Estate of McCombs, 174 Cal. (211), 214, 162 P. 897: It follows, therefore, that the order of adoption, being made by a court without jurisdiction, is void.' "

Respondents cite several cases, among them, Phelps v. Young, 149 Okl. 120, 299 P. 461, in support of their theory that the proceeding cannot be collaterally attacked. We have noticed these cases and they are not in point. The adoption of a child is essentially a matter of contract between the parties whose consent is required and is not a judicial proceeding although the sanction of a judicial officer is required for its consummation. In re Hughes, 88 Okl. 257, 213 P. 79.

In State ex rel. Thompson v. District Court of Thirteenth Judicial District in and for Carbon County, 75 Mont. 147, 242 P. 959, 960, speaking of the right to attack a recitation in the order of adoption it is stated:

"In the order of adoption the court recited:

" 'That the said petitioners and all persons whose presence is necessary have been present at this hearing,' etc.

"From this recital defendants insist that the presumption must be indulged that the mother was present in court when the hearing was in progress, and hence had actual notice of the pendency of the proceeding. Whether the recital above would be sufficient to withstand a direct attack upon the order if the court had been exercising its general jurisdiction is a question we need not stop to consider.

"The legal adoption by one person of the offspring of another was unknown to the common law. In this state, and in the states of the Union generally, it is the creature of statute, and, though the proceeding here is had in our district courts, the jurisdiction is conferred by the statute, is exercised in a special manner and not according to the course of the common law. Under these circumstances the rule is uniform that the presumption in favor of the acts of a court of general jurisdiction does not obtain. * * *"

When we consider the above cited cases in connection with the fraud perpetrated by all the parties to the proceeding

290

on the county judge we hold that it would be not only contrary to the above section of the statute but against public policy to allow such a proceeding to stand. We have examined the several cases cited by respondents and are not impressed by them. They do not apply in a proceeding such as was involved in the case under consideration.

■ It does not follow, however, that because the proceeding in adoption is void petitioner is entitled to the custody of the child. In Nasalroad v. Gayhart, 208 Okl. 447, 257 P.2d 299, this court held that the fact that a parent has relinquished the custody of a child should be given due consideration in determining whether it should be returned to the parent. Therein are cited: Hamann v. Miesner, 148 Okl. 50, 297 P. 252; Osborn v. Roberts, 197 Okl. 206, 169 P.2d 293; and Potter v. Potter, 203 Okl. 236, 219 P.2d 1011. In paragraph four of the syllabus of Nasalroad v. Gayhart, supra, it is stated [208 Okl. 447, 257 P.2d 300]:

"The awarding of the care and custody of a child in habeas corpus proceeding is within the sound discretion of the trial court and this court will not disturb the judgment on appeal unless it is clearly against the weight of the evidence."

The fact situation therein is in many respects quite similar to the case we are now considering.

■ We find it unnecessary to review the evidence further than shown above. The record discloses that the court was justified in finding that the petitioner is wholly unfit as a custodian of the child. The child is now in a good home and well provided for and we make an independent finding that it is for the best interest of the child to affirm the order denying the writ.

Order affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON and O'NEAL, JJ., concur.

BLACKBIRD, J., dissents.