Argued September 18, affirmed October 14, 1974

IN THE MATTER OF THE ADOPTION OF DARCI JOANNE
COOPER, A MINOR.

WATKINS, *Appellant, v.* CHIRRICK ET UX
(No. 1653), *Respondents.*

526 P2d 1399

*Charles O. Porter,* Eugene, argued the cause and filed the briefs for appellant.

*Leslie M. Swanson, Jr.,* Eugene, argued the cause for respondents. With him on the brief were Arthur

C. Johnson, John B. Arnold and Johnson, Johnson & Harrang, Eugene.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

This is an appeal from an order dismissing with prejudice a petition filed by the petitioner-natural mother to vacate the decree of adoption of her child by respondent-adoptive parents. The dismissal followed an order sustaining respondents' demurrer to the petition. Petitioner asserts that consent to the adoption of her baby was not freely and intelligently given and that such consent was necessary as a jurisdictional prerequisite for a valid decree of adoption. Petitioner further asserts that she has standing to petition to vacate the decree of adoption because the legislature cannot, consistent with due process of law, enact a statute of limitations which will bar petitioner from challenging the adoption decree as void for want of jurisdiction.

ORS 109.381 is the primary statute in question. It reads as follows:

"(1) A decree of a court of this state granting an adoption, and the proceedings in such adoption matter, shall in all respects be entitled to the same presumptions and be as conclusive as if rendered by a court of record acting in all respects as a court of general jurisdiction and not by a court of special or inferior jurisdiction, and jurisdiction over the persons and the cause shall be presumed to exist.

"(2) Except for such right of appeal as may be provided by law, decrees of adoption shall be binding and conclusive upon all parties to the proceed-

ing. No party nor anyone claiming by, through or under a party to an adoption proceeding, may for any reason, either by collateral or direct proceedings, question the validity of a decree of adoption entered by a court of competent jurisdiction of this or any other state.

"(3) After the expiration of one year from the entry of a decree of adoption in this state the validity of the adoption shall be binding on all persons, and it shall be conclusively presumed that the child's natural parents and all other persons who might claim to have any right to, or over the child, have abandoned him and consented to the entry of such decree of adoption, and that the child became the lawful child of the adoptive parents or parent at the time when the decree of adoption was rendered; all irrespective of jurisdictional or other defects in the adoption proceeding; after the expiration of such one-year period no one may question the validity of the adoption for any reason, either through collateral or direct proceedings, and all persons shall be bound thereby; provided, however, the provisions of this subsection shall not affect such right of appeal from a decree of adoption as may be provided by law.

"(4) The provisions of this section shall apply to all adoption proceedings instituted in this state after August 5, 1959. This section shall also apply, after the expiration of one year from August 5, 1959, to all adoption proceedings instituted in this state before August 5, 1959."

We turn to the complaint. For purposes of appeal, a demurrer admits all facts that are well pleaded. *Kendall v. Curl et al*, 222 Or 329, 353 P2d 227 (1960); *Turrini v. Gulick*, 16 Or App 167, 517 P2d 1230, Sup Ct *review denied* (1974).

Reading the complaint in the light most favorable to petitioner the following facts are alleged:

Petitioner is the mother of the minor child

involved herein and has never been married. The father of the infant is unknown. On July 11, 1971, the date the child was born, petitioner was 16 years old. On August 21, 1972, the date petitioner signed a consent to adoption, petitioner was 17 years of age. The adoption decree was entered on November 13, 1972, almost three months later. Petitioner's complaint was filed on January 28, 1974, at which time petitioner stated that she was 19 years old. We therefore infer that by January 28, 1973, she was 18 years old.

Petitioner alleges that on August 21, the day she signed the consent for adoption of her infant, petitioner was acting under conditions constituting fraud, duress and undue influence. The underlying facts which are alleged need not be detailed here. It is sufficient to note that petitioner alleges facts which might be sufficient to support the allegation that her consent to the adoption was not freely given. Assuming, but not deciding, that those facts are sufficient, we turn to the sufficiency of the other allegations in the complaint.

It is clear from the pleadings thus far discussed that the petitioner had nearly three months in which to raise the issue of the validity of consent before the decree of adoption was issued. Petitioner does not allege that she did not receive adequate notice of the decree of adoption or that she was without knowledge that her child had been a member of the Chirrick family since the date of the decree. Neither does she allege that it was reasonable for her under the circumstances to allow the one-year statute of limitations period to run. Her only allegation in this regard is that she was emotionally upset and that she was outside the state of Oregon during most of the period, lasting fourteen

months, between the date of the decree of adoption and the filing of her complaint.

Petitioner's only other allegation that possibly can be construed as an attempt to justify the tolling of the limitation period is her statement that the attorney present at the consent signing was not her attorney, nor was she given an opportunity to consult with her own attorney. Petitioner alleges that the attorney who was present stated that if petitioner signed the consent for adoption of her baby, there would be no way for her ever to get said infant back. Certainly that advice was reflective of the intent of the legislature in ORS 109.381 to bring about finality in adoption decrees. There is no claim that he was acting as respondents' attorney; there is no allegation that he intentionally made false representations to her; nor is there any allegation that she relied exclusively on his advice. Neither is there any allegation that respondents prevented petitioner from seeking advice or counsel.

In essence, petitioner has failed to allege that she did not receive due process in connection with the original issuance of the decree of adoption. She asserts, rather, that her consent to the adoption was invalid and that the statute which in effect requires that she raise that issue of consent within one year violates her due process rights.

ORS 109.381 sets a one-year limitation upon any attack upon an adoption decree. Such a limitation reflects a basic legislative judgment that stability in a child's environment outweighs other considerations in an adoptive situation. We agree with petitioner's assertion that there is little doubt that the legislature

wanted to bar a person from moving to vacate a decree of adoption after the legislative 12-month deadline.

Petitioner raises hypothetical situations in which the statute may act to violate the due process rights of a natural parent. Other cases may arise in which the application of the statute might impinge upon due process rights; however, this is not such a case. In this case petitioner had adequate opportunity to raise the issue of the validity of her consent within a one-year period. She has not alleged sufficient facts to demonstrate that, as to her, the one-year statute of limitation period precluded her from asserting any rights that she might have. We thus conclude that petitioner has failed to state a cause of suit and is without standing to attack the decree of adoption. The trial court acted properly in sustaining the demurrer to the complaint.

Affirmed.