Argued August 23, reversed and remanded with directions September 13,
reconsideration denied October 20, petition for review denied
November 30, 1976

CAMPBELL, *Appellant,*

*v.*

KINDRED, *Respondent.*

(No. CC 75-325, CA 6374)

554 P2d 599

*Jerry K. McCallister,* Astoria, argued the cause for appellant. With him on the brief were MacDonald, Dean, McCallister & Snow, Astoria.

*Ronald L. Miller,* Astoria, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Judge, and Sloan, Senior Judge.

SLOAN, S. J.

## SLOAN, S. J.

In 1971, appellant and respondent were divorced. Custody of their three minor children was eventually awarded to respondent-father. Later, that year, respondent filed a petition seeking to adopt his own three children. His purpose was to terminate the appellant-mother's rights to the children. A decree of adoption was entered in 1971.

In 1975, appellant filed this declaratory judgment proceeding seeking to set aside the adoption decree as being utterly void. The trial court sustained a demurrer to the complaint. A judgment of dismissal followed appellant's failure to further plead.

On this appeal appellant argues that an attempted adoption by a natural parent is contrary to public policy and is, therefore, a nullity. The trial court relied on the one-year statute of limitations, ORS 109.381(3), to sustain the demurrer. Subsection (3) of ORS 109.381 provides:

> "After the expiration of one year from the entry of a decree of adoption in this state the validity of the adoption shall be binding on all persons, and it shall be conclusively presumed that the child's natural parents and all other persons who might claim to have any right to, or over the child, have abandoned him and consented to the entry of such decree of adoption, and that the child became the lawful child of the adoptive parents or parent at the time when the decree of adoption was rendered, all irrespective of jurisdictional or other defects in the adoption proceeding; after the expiration of such one-year period no one may question the validity of the adoption for any reason, either through collateral or direct proceedings, and all persons shall be bound thereby; provided, however, the provisions of this subsection shall not affect such right of appeal from a decree of adoption as may be provided by law."

As stated, the obvious purpose of the purported adoption in the instant case was to terminate the parental rights of the natural mother.

[ 773 ]

We have found only two cases that relate to the validity of an adoption by a natural parent absent the situation when a natural parent joins with a stepparent seeking to adopt the children of the natural parent. ORS 109.310(1). The more recent of these cases, *Gilbertson v. Gilbertson,* 498 P2d 1381 (Okla 1972), holds that the legislature never intended that the adoption statutes "provide a proceeding for a parent to adopt his natural, legitimate child. Nor do we believe that the Legislature contemplated the use of adoption proceedings for the sole purpose of terminating parental rights; the Legislature provided a procedure for termination of parental rights under certain conditions in 10 O.S. 1971, § 1130 * * *." 498 P2d at 1384. The Oklahoma court held the adoption to be a nullity. The Oklahoma statute cited is comparable to ORS 419.523 relating to the termination of parental rights in juvenile cases. In support of its decision the Oklahoma court cited *Marshall v. Marshall,* 196 Cal 761, 239 P 36 (1925). The California court also held that an adoption proceeding by a natural parent was an "utter nullity." 196 Cal at 767. CJS black letters the statement that "[a] person may not adopt his legitimate child * * *." 2 CJS 438, Adoption of Persons, § 21. No other specific authority has been found.

██ We agree with the reasoning of the two cases cited. Having reached that conclusion, does the quoted statute (ORS 109.381(3)) as applied to the facts of this case validate an otherwise void decree? We do not think so. The intention of the legislature in adopting this statute appears to have been for a different purpose than that found in the instant case. ORS 174.020. The patent purpose of the validating statute was to preclude the possibility of a drastic disruption of the adoptive home after a child has acquired a new status both in fact and in law. The welfare of the child is the dominating reason for the statute. *See Watkins v. Chirrick,* 19 Or App 241, 245, 526 P2d 1399 (1974), and particularly the discussion of a similar statute in *Walter v. August,* 186 Cal App 2d 395, 8 Cal Rptr 778,

83 ALR2d 941 (1960). If that be so, and we believe it to be, it follows that the validating statute would not apply to the instant situation. The status of the children's home was not changed nor was there any change in the relationship, legal or otherwise, with respect to the father. The welfare of the children in a new home status is not involved. The children's home relationship would not be changed by setting aside the purported decree of adoption. Presumably, the children's retention of their lawful relationship to their mother is to their advantage.

Respondent relies on *Watkins v. Chirrick, supra,* to sustain the trial court's decision. In *Watkins* the attempt was to set aside an adoption decree in favor of adoptive parents. If the same facts were present in the instant case, we would reach the same conclusion. The facts are different to a degree that *Watkins* is not applicable here.

The case is reversed and remanded with directions to enter an order overruling respondent's demurrer.