Wanda C. HURT, Twyla D. Terry, Stanley V. Strecker, Don Strecker, a/k/a Roy Don Strecker, Appellees,

v.

Vera NOBLE, John Bennett and Nellie Strecker, Executrix of the Estate of Leo G. Strecker, Deceased, Appellants,

and

The Heirs, Executors, Administrators, Devisees, Trustees and assigns of Leo G. Strecker, Deceased; the Unknown Heirs, Executors, Administrators, Devisees, Trustees and Assigns of Roy D. Strecker, Deceased, and Leo G. Strecker, Deceased and the State of Oklahoma ex rel. Oklahoma Tax Commission, Defendants.

No. 74962.

Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

Court of Appeals of Oklahoma, Division No. 3.

June 11, 1991.

Rehearing Denied Aug. 2, 1991.

Certiorari Denied Sept. 24, 1991.

John Joseph Snider, Paul W. Dudman, Joe C. Lewallen, Jr., Oklahoma City, for appellees.

Edward E. Sutter, Alva, for appellants.

## MEMORANDUM OPINION

HUNTER, Chief Judge:

This is an appeal from the trial court's order granting summary judgment to Appellees in a quiet title action and declaring an adult adoption void.

G.A. Strecker (Grandfather) died testate in 1969. Grandfather was survived by two sons, Leo G. Strecker (Leo), who had no children, and Roy Don Strecker (Roy), who had four children. By the terms of his will, Grandfather left a life estate in certain real property to Leo and a life estate in other real property to Roy, and upon their deaths, the remainder interest was devised to the "heirs of the body" of Leo and Roy. Roy died in 1978. In 1986, Leo and his wife, Nellie, adopted Nellie's adult children from a previous marriage, Vera Noble and John Bennett (Appellants). Leo died in 1988. Appellees, as the surviving children of Roy, filed this action for a determination of their entitlement to the remainder interest in Grandfather's property and to quiet title in themselves. Appellants as the heirs of Leo, filed a counterclaim, seeking their purported interest in the subject property and to quiet title in their behalf. Both sides filed motions for summary judgment which were heard by the trial court. The trial court declared the adult adoption of Noble and Bennett void and granted summary judgment to Appellees. This appeal followed.

Appellants allege that the trial court erred in declaring the adoption void. We agree.

Noble and Bennett, as adults, were adopted pursuant to 10 O.S.1981 § 60.21 which provides specifically for adult adoptions, as follows:

> An adult person may be adopted by any other adult person, with the consent of the person to be adopted or his guardian, if the court shall approve, and with the consent of the spouse, if any, of an adoptive parent, filed in writing with the court. The provisions of Sections 1 to 15, both inclusive, of this act shall not apply to the adoption of a competent adult person. A petition therefor shall

be filed with the district court in the county where the adoptive parents reside. After a hearing on the petition and after such investigation as the court deems advisable, if the court finds that it is to the best interests of the people involved, a decree of adoption may be entered which shall have the legal consequences stated in Section 16.

The facts are undisputed that at the time of the adoption, Leo and Nellie were residents of Major County, but the adoption proceedings were commenced and the decree of adoption was entered in Woods County. The decree of adoption has long since become final and no appeal was ever taken. Appellees challenged the validity of the adoption on the ground that the Woods County court lacked jurisdiction to enter the adoption decree, citing *Ex parte Helscel*, 268 P.2d 287 (Okl.1954). In *Helscel*, the Supreme Court held in regard to a different adoption statute, but with the same residency requirement as Section 60.-21, that the court of the county in which the person desiring to adopt the child resides is the only county which has jurisdiction to declare and order an adoption. It therefore held that an order of adoption, being made by a court without jurisdiction, is void. 268 P.2d at 289.

■ Thus, it appears from the language of *Helscel*, that because Leo and Nellie were not residents of Woods County where the adoption was obtained, the adoption was void. However, since *Helscel*, the legislature enacted 10 O.S.1981 § 58, which provides:

> No adoption may be challenged on any ground either by a direct or collateral attack more than one (1) year after the entry of the final adoption decree *regardless of whether the decree is void* or voidable, and the minority of the natural parent shall not operate to prevent this time limit from running. (Emphasis ours.)

The only exceptions which toll the above statute of limitations are in cases of fraud or where constitutional violations are present, of which there was no evidence in the present case. *See Wade v. Geren*, 743 P.2d 1070 (Okl.1987); *Matter of Adoption of Lori Gay W.*, 589 P.2d 217 (Okl.1978); *Campbell v. Kindred*, 26 Or.App. 771, 554 P.2d 599 (1976).

■ We also note that Appellees, who were not involved in the adoption proceeding, had no standing to challenge the validity of the adoption. Prospective heirs, or those who believe they will be heirs or beneficiaries when someone dies, do not have any legal interest in the assets of that living person because such right or interest, if any, that they might acquire in the estate of the decedent does not accrue until the time of death. *Matter of Guardianship of Walkup*, 799 P.2d 145 (1990). At the time of the adoption, Leo was still alive and Appellees were not "aggrieved parties" with standing to appeal the adoption under 10 O.S.1981 § 60.19. We find the trial court erred in declaring the adoption void, and in granting summary judgment to Appellees upon this basis, because the time had long passed for any challenge to the validity of the adoption. *Yates v. Johnston*, 370 P.2d 23 (Okl.1962). That part of the trial court's judgment declaring the adoption void is reversed.

In their briefs in support of their motions for summary judgment, both parties also addressed the issue of whether Appellants, if the adoption was valid, could be considered as "heirs of the body" under the terms of Grandfather's will. The parties did not argue this point at the hearing, but the trial court alluded briefly to this issue at the time of its ruling.

■ Under the Uniform Adoption Act in 10 O.S.1981 §§ 60.1 *et seq.*, a final decree of adoption establishes the relationship of natural parent and natural child between the adopting parent and the adopted child for all purposes including the mutual rights of inheritance and succession. *Hines v. First National Bank & Trust Co. of Oklahoma City*, 708 P.2d 1078 (Okl.1985). There is no legal distinction to be drawn between natural born children and adopted children once the adoption process is complete. *Bingham v. Bingham*, 629 P.2d 1297 (Okl.App.1981). From the date of the

final decree of adoption, the adopted child is entitled to inherit real property from the adoptive parents in accordance with the statutes of descent and distribution. 10 O.S.Supp.1984 § 60.16(1). Adopted children are established by law as lineal descendants and the law recognizes no distinction between natural children and adopted children for purposes of inheritance. *Hines v. First National Bank & Trust Co. of Oklahoma City, supra.* We are persuaded by the rule of law that unless a contrary intent appears, it is presumed that a testator intended to treat adopted children in the same manner as natural children. *Elliott v. Hiddleson,* 303 N.W.2d 140 (Iowa 1981); *In re Will of Adler,* 30 Wis.2d 250, 140 N.W.2d 219 (1966); *In re Estate of Heard,* 49 Cal.2d 514, 319 P.2d 637 (1957). Other jurisdictions have interpreted phrases similar to "heirs of the body" to include adopted children. *See Weilert v. Larson,* 84 Ill.App.3d 151, 39 Ill.Dec. 520, 404 N.E.2d 1111 (1980) (the phrase, "issue of their body" did not show plain intent to exclude adopted child and did include adopted child); *In re Trusts Created by Agreement with Harrington,* 311 Minn. 403, 250 N.W.2d 163 (1977) (the phrase "issue of her body" did not evince intent to exclude adopted children absent specific expression of exclusion).

 However, our Supreme Court has specifically held that the phrase, "issue of her body" clearly evinces a testator's intent to exclude adopted children from the class described. *Moore v. McAlester,* 428 P.2d 266 (Okl.1967). The term, "issue" when used in a devise "to surviving issue of each deceased child" of a testator also has been held not to include a child adopted by the deceased devisee subsequent to the testator's death. *Mealy v. First National Bank and Trust Co. of Tulsa,* 445 P.2d 795 (Okl.1968). While we find this interpretation to be in conflict with the modern day trend favoring the same treatment for adopted children as for natural born children, we are bound by the rule of law established by the Oklahoma decisions set forth above. Appellants, as adopted heirs of Leo, cannot be considered as "heirs of the body" under Oklahoma's construction

of this phrase, and are not entitled to any remainder interest in the property devised in Grandfather's will.

A correct judgment, although based upon the wrong reason, will not be set aside on appeal. *Matter of Estate of Bartlett,* 680 P.2d 369 (Okl.1984). Although the trial court was incorrect in declaring the adoption void, Appellees were entitled to summary judgment and the trial court did not err in quieting title in Appellees.

The trial court's judgment is hereby AFFIRMED IN PART, and REVERSED IN PART.

HANSEN, J., concurs.
GARRETT, P.J., concurs in judgment.