**HOUSE OF SIGHT & SOUND, INC.,**
Appellant/Counter–Appellee,

v.

Rex **FAULKNER**, Justin L. LaMunyon and Randy L. Wagner, individually and dba Faulkner Law Firm, R. David Humphreys, Tanya D. Humphreys, Luke J. Wallace, individually and dba The Humphreys Law Firm, Appellees/Counter–Appellants.

No. 85356.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 5, 1995.

Rehearing Denied Oct. 10, 1995.

Certiorari Denied Feb. 15, 1996.

Craig L. Box, Julia C. Rieman, Enid, Martin Postic, Oklahoma City, for Appellant/Counter–Appellee House of Sight and Sound, Inc.

Mark E. Bialick, Katherine A. Taylor, Oklahoma City, for Appellee/Counter–Appellant Rex Faulkner.

W.R. Cathcart, Virginia L. Cathcart, Oklahoma City, for Appellees/Counter–Appellants R. David Humphreys, Tanya D. Humphreys, Luke J. Wallace, individually and dba The Humphreys Law Firm.

### OPINION

HANSEN, Judge:

Appellant, House of Sight & Sound ("Sight & Sound"), seeks review of the trial court's order which dissolved a temporary restraining order and denied its motion for temporary injunction. Sight & Sound filed this action to enjoin Appellees, six attorneys, from "false and malicious advertising" of another lawsuit brought by certain plaintiffs who are represented by the attorney-Appellees, and also to enjoin Appellees from seeking additional plaintiffs in that lawsuit. In addition to injunctive relief, Sight & Sound prayed for damages.[1] After the presentation of Sight & Sound's case at the hearing for the temporary injunction, Appellees demurred to the evidence. The trial court issued an order which included findings that Sight & Sound had successfully established the four elements for entitlement to injunctive relief, but sustained Appellees' demurrer

---

1. Although the tort libel is never mentioned in its petition, based on statements made in Sight & Sound's brief to this Court that the publications made by Appellees are defamatory, we presume this is basis of the underlying cause of action.

(thus denying injunctive relief). The trial court stated a temporary injunction "would constitute an unauthorized prior restraint on Defendants' right of free speech as guaranteed under Art. II, § 22 of the Oklahoma Constitution". On appeal, Sight & Sound maintains the trial court's "findings" are supported by the evidence and that Appellees' "false commercial speech" is not protected either under the United States' Constitution or the Oklahoma Constitution. Appellees counter-appeal the trial court's findings, arguing the evidence presented by Sight & Sound, even without the trial court's finding that an injunction would be unconstitutional, are insufficient to withstand their demurrer.[2]

■■■ We first address Sight & Sound's motion to dismiss Appellees' counter-appeal. Sight & Sound maintains Appellees lack standing (are not "aggrieved" under 12 O.S. 1991, § 993 by the trial court's order) because the trial court ultimately denied Sight & Sound's request for an injunction. An aggrieved party is one whose pecuniary interest in the subject matter is directly and injuriously affected or one whose right in property is either established or divested by the decision from which the appeal is prosecuted. *Cleary Petroleum Corporation v. Harrison*, 621 P.2d 528 (Okla.1980). "Generally, if the judgment sought to be reviewed does not, by its own force, operate to impose a burden or obligation, and it has no binding effect upon any right, interest, person or property of the appealing party, that appellant is not deemed aggrieved." *Cleary*, at 530.

Sight & Sound maintains Appellees were not injuriously affected by the trial court's findings of fact where the ultimate decision was in Appellees' favor. Had Sight & Sound not appealed, this would be true. However,

Sight & Sound has appealed and seeks reversal of the judgment based on the trial court's finding that the publication in question was false and misleading. If this Court were to determine that the publication is not protected speech and Appellees had not counter-appealed the correctness of the demurrer and the findings, then Appellees would be bound by the trial court's findings. Appellees are aggrieved parties and Sight & Sound's motion to dismiss their counter-appeal is denied.

The facts are these. Sight & Sound is the defendant in a separate Garfield County lawsuit brought by 22 plaintiffs (hereinafter referred to as "the Classen case").[3] Appellees are the attorneys who represent the plaintiffs in the Classen case. Sight & Sound states in its petition for an injunction that Appellees are attempting· to establish a class action case against Sight & Sound in the Classen case. Sight & Sound filed a motion and an amended motion to dismiss the Classen case, alleging it did not meet the requirements of a proper class action lawsuit under 12 O.S. 1991, § 2023(A). The trial court in the Classen case *denied* Sight & Sound's motion to dismiss based on the class action statute, stating it was not making an ultimate ruling on the issue at that time and that it would have to take additional evidence at a later time. Two months after the trial court's order, Appellees published a notice in a newspaper of general circulation, to "customers of Sight and Sound and Cost Warehouse" that "you may be entitled to money damages in the class action lawsuit that has been filed against the operator of Sight and Sound and Cost Warehouse stores". Another notice, similar in language to the first, was subsequently placed in a Tulsa newspaper. Sight & Sound brought this action to enjoin Appellees from advertising the Classen case as a

---

**2.** Appellees emphasize the trial court made its findings, to Appellees' detriment, without hearing their evidence.

**3.** The style of Case No. CJ–94–790–03 is "Kathy Classen, Gary Sanderson, Emery Lamunyon, Gary L. Rogers, Coleene Ferguson, Jim Malaney, William Hibler, Roma Rogers, Misty White-Long, Sherri Sanchez, Dolores Baker, Joe Steichen, Bobby Morgan, Howard T. Franklin, David Mills, Nancy Staten, Randy Buttermore, Joan Gilworth, Wanda Christina Stephens, Tanya

McKinney, Jim Hepburn, Sr., and Carson Wright, *for themselves and all others similarly situated*, Plaintiffs, vs. House of Sight 'N Sound, Inc. dba Sight 'N Sound, and dba Cost Warehouse, Defendant". A portion of the First Amended Petition attached to Sight & Sound's request for temporary injunction, shows this action, "the Classen action", was brought on behalf of the plaintiffs "and a class of all those similarly situated".

class action and from seeking additional class members.

■■■ An injunction is an extraordinary remedy which should not be lightly granted. *First American Bank & Trust v. Sawyer,* 865 P.2d 347 (Okla.App.1993). This Court will not disturb an order which grants or refuses an injunction unless there is a showing the trial court abused its discretion or that the judgment is clearly against the weight of the evidence or contrary to law. *Sharp v. 251st Street Landfill, Inc.,* 810 P.2d 1270 (Okla.1991). The four criteria a trial court considers in deciding whether to grant temporary injunctive relief are:

1) applicant's likelihood of success on the merits;

2) irreparable harm to the party seeking relief should the temporary injunction be denied;

3) relative effect on other interested parties and

4) public policy concerns arising out of the issuance of injunctive relief.

*First American Bank,* at 350.

The trial court determined:

1) the Classen lawsuit had not been certified as a class action under the laws of this State;

2) Appellees' advertisements referring to the lawsuit as a class action are "false and misleading in such referral";

3) Sight & Sound has a probability of success on the merits in this libel action;

4) continued publication of the advertisement at issue during the pendency of this litigation would produce irreparable harm to Sight & Sound;

5) the advertisement at issue is "commercial speech"; and

6) the potential injury to Sight & Sound which would arise from a denial of the temporary injunction "far outweighs any damage" which Appellees may experience from granting such relief.

■■■ Despite these findings, the trial court determined a temporary injunction would violate Appellees' constitutional rights of free speech and denied an injunction. These findings were made upon Appellees' demurrer to Sight & Sound's evidence. Unlike law actions, a demurrer in equity does not require a judge to disregard all evidence favorable to the demurrant's position. *Bixler v. Lamar Exploration Company,* 733 P.2d 410 (Okla. 1987). The trial court may consider and weigh all evidence adduced to determine in whose favor it preponderates. *Bixler,* at 412. The reason for this rule is because there is no logical reason to require a defendant to put on evidence in defense of a cause of action not proved to contain a prima facie case. *Malnar v. Whitfield,* 708 P.2d 1093, 1095 (Okla.1985).

■■■ The foundation for this lawsuit and quest for injunctive relief is Sight & Sound's contention, and the trial court's finding that the term "class action", used in the notice or advertisement, is *false.* Sight & Sound failed to present evidence this phrase is false. The petition in the Classen case shows the action was brought on behalf of the named plaintiffs and "a class of all those similarly situated". The trial court in the Classen case refused to dismiss the case under the class action statute, stating additional evidence would be received before such ultimate ruling would be made.[4] 12 O.S.1991, § 2023(C)(1) provides:

1. As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subsection may be condi-

---

4. In support of its contention the Classen case is not a "class action", Sight & Sound presented an excerpt from the Classen plaintiff's response to the motion to dismiss. The plaintiffs stated the action was *"not a class action at the present time".* First, from the limited context within which that statement is found, it appears the Classen plaintiffs were attempting to respond to the dismissal motion with reference to whether the Classen case was properly maintainable as an "individual action" under the Oklahoma Con-

sumer Protection Act. Second, Sight & Sound has not shown such statement amounted to an abandonment by the Classen plaintiffs to proceed in the Classen case as a class action lawsuit. Furthermore, if we supply the term "certified" before the words "class action", as Sight & Sound attempts to do with regard to the newspaper notices, then the statement made in the response brief is an even more accurate representation of the state of the Classen suit and is not false.

tional, and may be altered or amended before the decision on the merits.

Although the Classen case had not yet been "certified" as a class action under 12 O.S. 1991, § 2023(C)(1), it was still "brought as a class action" and could properly be considered a class action until the trial court denied § 2023(C)(1) certification.[5] Thus, the representation by Appellees in the notices, that the Classen case is a "class action" is not false. Had Appellees represented that the Classen action was a *"certified* class action", the evidence shows this would have been false.

■■■■■ Without a false publication, Sight & Sound's entitlement to injunctive relief based on libel, crumbles.[6] Sight & Sound's "likelihood of success on the merits" in this libel action, for purposes of the injunction, is slim to none. Even if the notice published by Appellees could be considered false or defamatory, the general rule is that equity will not enjoin a libel or slander. *First American Bank,* 865 P.2d at 352; *Schmoldt v. Oakley,* 390 P.2d 882 (Okla.1964).

> According to most authorities, the operation of the rule that equity will not restrain a mere libel or slander is not affected by the fact that the false statement may injure plaintiff in his business, profession, or trade, or as to his credit or property, in the absence of acts of conspiracy, intimidation or coercion, or where no breach of trust or of contract appears, because the party wronged has an adequate remedy at law by action for damages or criminal prosecution.

*Schmoldt,* at 884, quoting 43 C.J.S. Injunctions § 135. Sight & Sound does not argue and did not present evidence that this action falls within these exceptions to the general rule that equity will not restrain a libel. Injury is irreparable when it is incapable of being fully compensated by money damages, or where the measure of damages is so speculative that arriving at an amount of damages would be difficult or impossible. *Manuel v. Oklahoma City University,* 833 P.2d 288 (Okla.App.1992). Under the authority of *Schmoldt,* a libel or slander plaintiff has an adequate remedy at law in an action for damages and unless the action falls within an exception, an injunction will not issue. Accordingly, Sight & Sound failed to present evidence of "irreparable injury" which would entitle it to injunctive relief.

Two other elements a court must consider in awarding injunctive relief are the relative effect of the injunction on other interested parties and the public policy concerns arising out of the issuance of the injunction. In this case these two elements have overlapping factors. Sight & Sound prayed for an injunction which would prohibit Appellees from advertising the Classen case as a class action and from "publishing advertisements seeking additional claimants" in the Classen case. Before the trial court ruled on the demurrer, evidence was presented that the injunction would limit Appellees' ability to discover additional class members in the Classen case and could prevent the ultimate certification of the Classen case. Thus, there was evi-

---

**5.** Because 12 O.S.1991, § 2023 is patterned after Federal Rule of Civil Procedure 23, this Court may look to Federal decisions for guidance in interpreting our statute. *Shores v. First City Bank Corp.,* 689 P.2d 299, 301 (Okla.1984). In discussing the period between filing a class action lawsuit and certification of the lawsuit as a class action suit, 3B, Moore's Federal Practice (2nd Ed.) para. 23.50 provides:

> "In the interim between the commencement of the suit as a class action and the court's determination as to whether it may be so maintained, *it should be treated as a class suit.* Thus, 'during the interim between filing and the 23(c)(1) determination by the court, it must be assumed to be a class action for purposes of dismissal or compromise under 23(e) unless and until a contrary determination is made under 23(c)(1).' "

**6.** 12 O.S.1991, § 1441 provides:

> Libel is a false or malicious unprivileged publication by writing, printing, picture, or effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation, or any malicious publication as aforesaid, designed to blacken or vilify the memory of one who is dead, and tending to scandalize his surviving relatives or friends.

Because the use words "class action" are not false, we need not go further in discussing the merits of Sight & Sound's libel action and the applicability, as Appellees suggest, of the absolute privilege discussed in *Kirschstein v. Haynes,* 788 P.2d 941 (Okla.1990).

dence of a direct negative impact that the injunction would have on both the Classen plaintiffs and on other persons potentially interested in the class action suit.

Sight & Sound admits that under 12 O.S. 1991, § 2023(C)(2) and (D)(2), the trial court *in a class action suit* may direct, through court order, how notice should be given to potential plaintiffs.[7] This is the avenue Sight & Sound *should have* pursued in the Classen case itself, if it desired a court order regarding notice to potential plaintiffs. In *Zarate v. Younglove*, 86 F.R.D. 80 (C.D.Cal.1980), the plaintiff brought suit for himself and others similarly situated, alleging employment discrimination practices. Plaintiff placed a communication in a newspaper seeking to locate potential class members. Prior to a certification determination, the defendants requested the court to issue an order regulating communications with potential class members. The California court found that part of defendants' proposed order which forbad all parties and counsel from directly or indirectly communicating concerning the action with any potential plaintiff, to be an impermissible blanket prohibition. The court concluded the entire proposed order, including the provision which proscribed misrepresentations, to be an impermissible prior restraint of speech under the First Amendment to the United States Constitution. "All that is permissible is a narrow proscription of communications from counsel which misrepresent the status, purposes or effects of the action and of any court orders therein, and which pose a serious and imminent threat to interference with the fair ad-

ministration of justice". *Zarate*, at 105. Appellant has attempted to do indirectly through the injunction request, what would be impermissible if sought within the confines of the class action procedure.[8]

Sight & Sound's entire constitutional argument is based on its assertion Appellees' use of the words "class action" is false and misleading and constitutes "false commercial speech", which is not protected by the United States or Oklahoma Constitution. As noted, the evidence does not support the trial court's determination the speech was false. Oklahoma Constitution, Art. 2, § 22 provides:

> Every person may freely speak, write, or publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions for libel, the truth of the matter alleged to be libelous may be given in evidence to the jury, and if it shall appear true, and was written or published with good motives and for justifiable ends, the party shall be acquitted.

The people's guarantee of free speech is a "public policy concern" by virtue of this Constitutional provision. *American Bank*, 865 P.2d at 352. Sight & Sound's injury is redressable by an action for damages. *Id.* The trial court's determination the injury to Sight & Sound which would result from a denial of the injunction "far outweighs" any damage Appellees would experience from the granting of the injunction, is not supported by the record. Further, it is directly con-

---

7. 12 O.S.1991, § 2023(C)(2) provides in part:

> 2. In any class action maintained under paragraph 3 of subsection B, the court shall direct to the members of the class the best notice practicable under the circumstances.... Where the class contains more than five hundred (500) members who can be identified through reasonable effort, it shall not be necessary to direct individual notice to more than five hundred (500) members, but the members to whom individual notice is not directed shall be given notice in such manner as the court shall direct, which may include publishing notice in newspapers....
> 12 O.S.1991, § 2023(D)(2) provides:

> D. ORDERS IN CONDUCT OF ACTIONS. In the conduct of actions to which this section applies, the court may make appropriate orders:
> 2. Requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action;

8. See *Gulf Oil Company v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

trary to the trial court's additional finding, which is hereby affirmed, that the temporary injunction would violate Appellees' right of free speech.

■ The trial court's order properly determined injunctive relief was inappropriate in this action. A correct judgment will not be reversed on appeal even if based on faulty reasoning, erroneous findings of fact or consideration of immaterial issues. *In the Matter of Estate of Pope,* 808 P.2d 640, 646 (Okla.1990); *Hurt v. Noble,* 817 P.2d 744, 747 (Okla.App.1991).

Accordingly, the judgment is AFFIRMED.

HUNTER, P.J., concurs.

ADAMS, J., not participating.