932 P.2d 51 (1996)
In the Matter of the ADOPTION OF A.D.P., a minor child.
Brenda GOODMAN, Appellant,
v.
Terry DEAN and Sheila Pyle, husband and wife, Appellees.
No. 86595.
Court of Civil Appeals of Oklahoma, Division No. 1.
December 17, 1996.
*52 Christopher B. Lyons, Pryor, for Appellant.
Monty Hightower, Lawton, for Appellees.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.

OPINION
BUETTNER, Judge:
Terry Dean Pyle and Brenda Goodman were married at the time A.D.P. was born to them in October 1981. After they divorced in 1983, custody was awarded to Brenda. In 1986, custody was modified and awarded to Terry. Brenda was allowed visitation and was ordered to pay $20 per week in child support. At some point after his divorce from Brenda, Terry married Sheila Pyle. In 1989, Terry and Sheila filed a petition to adopt A.D.P. without Brenda's consent, alleging she had willfully neglected to pay child support for the year preceding the filing of their petition. Brenda failed to appear at the hearing on the petition. A.D.P. was declared eligible for adoption without Brenda's consent and an adoption decree was entered making Terry and Sheila adoptive parents of A.D.P.
In 1995, Brenda filed a motion seeking to vacate the adoption.[1] Brenda now appeals the trial court's denial of that motion. We review a trial court's decision to deny an application to vacate a judgment to determine "whether sound discretion was exercised upon sufficient cause shown." FDIC v. Jernigan, 901 P.2d 793, 796 (Okla.1995).
The evidence at the hearing on the motion to vacate the adoption established that in 1989 Terry had submitted to the court an affidavit to obtain service by publication. In that document Terry alleged Brenda's whereabouts were unknown. The district court authorized service by publication in an order in which it stated: "the court being satisfied that it is impracticable to make personal service of summons upon Brenda Pyle." Publication notice was made March 2, 1989 in the Cache Times Weekly newspaper. The hearing on the petition to adopt without consent of the natural parent was held March 16, 1989. Brenda's counsel alleged that Brenda had several relatives in Comanche County in 1989 and that Terry could have ascertained from them her whereabouts in 1989 before the hearing on the petition to adopt. Counsel for Brenda further argued that the publication notice was made only fourteen days before the hearing, rather than the statutory fifteen days and that this was grounds for vacating the adoption.
Counsel for Terry and Sheila argued, and the court agreed, that the statute of limitations for challenging adoptions is one year and that Brenda's motion to vacate, filed six years after the decree of adoption, was filed too late. 10 O.S.1991 § 58. The court stated that although Brenda's arguments might have had merit, she was simply out of time. Neither side put on evidence or witnesses.[2] Brenda's counsel attempted to make an offer of proof in which he stated what Brenda and two other witnesses would testify to if called.[3]
*53 The procedure for adoptions without consent applicable at the time of the instant adoption is found at 10 O.S.1981 § 60 et seq. Adoption statutes are to be strictly construed and the burden is on the party seeking to adopt without consent to prove such adoption is warranted by clear and convincing evidence. Matter of Adoption of Darren Todd H., 615 P.2d 287 (Okla.1980); Matter of Adoption of C.M.G., 656 P.2d 262 (Okla. 1982). Terry and Sheila were eligible to adopt A.D.P. pursuant to 10 O.S.1981 § 60.3. Consent to adopt is not required from a parent if the court finds that for twelve months preceding the filing of the petition to adopt that parent wilfully fails to contribute to the support of the child in compliance with a court-ordered support obligation. 10 O.S. 1981 § 60.6(2)(a).[4]
The parent consenting to the adoption must first file an application with the court asserting the statutory ground that establishes consent of the other parent is not required. 10 O.S.Supp.1988 § 60.7(a). Prior to a hearing on this application, the other parent must be given notice of the proceedings including the date of the hearing and the reason that consent is allegedly not required. 10 O.S.Supp.1988 § 60.7(b). That subsection also provides:
If the location of said parent is not known and this fact is attested to by affidavit of the consenting parent, legal guardian, or person having legal custody of the child, notice by publication shall be given by publishing notice one time in a newspaper qualified as a legal newspaper, pursuant to the laws relating to service of notice by publication, in the county where the petition of adoption is filed. The publication shall not be less than fifteen (15) days prior to the date of the hearing.
Terry Pyle submitted the required affidavit and publication notice was given, albeit fourteen days in advance instead of fifteen.
Publication notice may be sufficient if the court determines the whereabouts of the parent cannot be ascertained. Dana P., supra; Tammie v. Rodriguez, 570 P.2d 332, 334 (Okla.1977). Before the court acquires jurisdiction, a method of notice must be used which is "reasonably calculated to provide knowledge of the proposed exercise of jurisdiction and an opportunity to be heard." Dana P., supra, citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Although Brenda argues she was denied due process, in the case of persons whose whereabouts are unknown, employment of an indirect or even probably futile means of notice is all the situation permits and creates no constitutional bar to a final decree foreclosing rights. Mullane, supra, 339 U.S. at 317, 70 S.Ct. at 658. Our adoption statutes specifically provide for publication service in certain situations.
At the hearing on Brenda's motion to vacate, Terry argued exclusively that Brenda's action was barred by the applicable statute of limitations. 10 O.S.1981 § 58 provides: "No adoption may be challenged on any ground either by a direct or collateral attack more than one (1) year after the entry of the final adoption decree regardless of whether the decree is void or voidable...."[5] After the passage of the limitations period, every jurisdictional fact not negated on the face of the record must be presumed as true. Dana P., supra, citing Bomford v. Socony Mobil Oil Co., 440 P.2d 713 (Okla.1968). Accordingly, because the record fails to reveal any facts to the contrary, we must presume the trial court was correct in determining *54 Brenda's whereabouts were unknown and that publication notice was sufficient.
The other jurisdictional defect alleged by Brenda is that the publication notice was fatal to the adoption because it was made fourteen days before the hearing instead of fifteen days as required by 10 O.S.1981 § 60.7. This defect appears on the face of the record. However, at the very most this defect would make the adoption decree void, but still subject to the one year limitations period quoted above. Brenda has not demonstrated that the notice being published one day late was the result of fraud or denied her due process, the two exceptions to the one year limitations period. Hurt v. Noble, 817 P.2d 744, 746 (Okla.App.1991). Further, although the court stated it based its denial of the motion to vacate on 10 O.S.1991 § 58, the specific reason is not stated in the journal entry. We find that the court may have determined that, regardless of the date of notice, it could not vacate the adoption because to do so would not be in the best interests of A.D.P., who has resided in the home of Terry and Sheila for at least ten years. Section 58(B) mandates that the court shall not enter an order not in the best interests of the child.
For these reasons, we find Brenda's due process rights were not violated and that the court did not abuse its discretion in denying the motion to vacate.[6]
AFFIRMED.
JOPLIN, J., concurs.
HANSEN, P.J., concurs in result.
NOTES
[1] We note Brenda styled this document "Motion to Vacate Final Decree of Adoption." Because the motion in substance alleged Terry obtained the adoption through fraud (at least in seeking notice by publication), the request to vacate should have been made by petition, verified by affidavit, setting forth the judgment, the grounds on which to vacate it, and any defense to the action. 12 O.S.1981 §§ 1031(4) and 1033. Unless these sections are substantially complied with, the court is without power to act. Sadberry v. Hope, 444 P.2d 175, 176-77 (Okla.1968).
[2] In her third proposition on appeal, Brenda argues the court erred in not allowing her to present witnesses on the issue of publication notice. This argument is simply unfounded. The transcript of the hearing on the motion to vacate reveals counsel for Brenda never asked to call witnesses.
[3] Without providing documentation or calling witnesses, counsel offered that Brenda would testify that in the mid-1980's she visited A.D.P. at a gas station in Oklahoma City and that Terry brought A.D.P. to Tulsa (where Brenda then resided) on occasion for visits. Counsel further stated Brenda would testify that in 1986 or 1987 she and Terry had a falling out and that Terry told her not to return to Comanche County. Brenda allegedly further intended to testify that she sent child support checks until 1988, and including a Bible and check she sent together in December 1988 (and that A.D.P. had the Bible in her possession). Counsel offered that Brenda would testify she found some of these checks returned and torn up. Counsel conceded, however, that no records of these checks existed. Counsel offered that, although twenty or more relatives of Brenda lived in the area, Brenda failed to contact A.D.P. from 1988 until 1995 when A.D.P. initiated contact. The order modifying custody established a regular visitation schedule which Brenda failed to enforce, at least after 1988.
[4] The record in the instant appeal does not include a transcript of the hearing on the petition to declare A.D.P. eligible for adoption. However, in both the order declaring A.D.P. eligible for adoption and in the adoption decree, the court found Brenda had failed to comply with the support obligation for the preceding twelve months. In the absence of a complete record, the findings of fact and law by the trial court are presumed to be true. Dana P. v. State, 656 P.2d 253, 256 (Okla.1982).
[5] Section 58 was modified in 1995, before Brenda filed her motion to vacate. The 1995 change added subsection B which provides that in any direct or collateral challenge to an adoption the court shall not enter a decision contrary to the best interests of the child.
[6] We do not specifically address Brenda's first proposition of error, which is that the court failed to comply with the Uniform Child Custody Jurisdiction Act (UCCJA 43 O.S.1991 § 501 et seq.), because the instant proceedings were brought under the Uniform Adoption Act (10 O.S.1981 § 60 et seq.) and the UCCJA is not relevant to these proceedings. Further, we do not address Brenda's fourth proposition of error, that it was fundamental error not to appoint independent counsel to represent the interests of A.D.P. for two reasons. One, Brenda raises this issue for the first time in her appellate brief, and, two, Matter of Guardianship of S.A.W., 856 P.2d 286 (Okla.1993), which held that independent counsel must be appointed for the child in a private termination of parental rights case, was handed down four years after the adoption proceeding in the instant case. We therefore find the S.A.W. holding inapplicable to the instant adoption proceedings.